Paul A. Stewart (*Admitted Pro Hac Vice*)
paul.stewart@kmob.com
Milan S. Kapadia (*Admitted Pro Hac Vice*)
milan.kapadia@kmob.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
**2-WAY COMPUTING, INC.**

William H. Boice (Admitted *Pro Hac Vice*)
*bboice@kilpatricktownsend.com*
Steven D. Moore (Admitted *Pro Hac Vice*)
*smoore@kilpatricktownsend.com*
K. James Sangston (*Admitted Pro Hac Vice*)
*jsangston@kilpatricktownsend.com*
Kristopher L. Reed (*Admitted Pro Hac Vice*)
*kreed@kilpatricktownsend.com*
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555

Attorneys for Defendants/Counterclaimants
**SPRING NEXTEL CORPORATION
and SPRINT SOLUTIONS, INC.**

[FOR A COMPLETE LISTING OF COUNSEL
REFER TO SIGNATURE PAGE]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> SPRINT NEXTEL CORPORATION, a Kansas corporation; and SPRINT SOLUTIONS, INC., a Delaware corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: 2:11-cv-00012-JCM-(PAL) <br><br> **STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties consider certain information likely to be disclosed during discovery to be confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties mutually desire that a protective order limiting use, access to, and disclosure of such confidential information be entered;

It is hereby AGREED and STIPULATED among the parties and ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1. Any document, deposition testimony, or other information disclosed in this case, or any portion thereof, may be designated as "Confidential," "Confidential – Counsel Only," or "Highly Confidential – Source Code" by any party or witness if such party or witness reasonably believes in good faith that such material is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Information, documents, or other things subject to protection under this Order ("Protected Material") shall be identified as "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code." The words "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" shall be placed clearly on each page or portion of the Protected Material at the time the Protected Material is produced. If a party through inadvertence produces or provides discovery of any Protected Material without first labeling, marking or designating it as "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code," then the Producing Party may, within ten (10) days after the discovery of the inadvertent production, give written notice to the receiving party or parties that the Protected Material is "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" and should be treated in accordance with the provisions of this Order. The receiving party or parties must treat such Protected Material in accordance with this Order from the date such notice is received. Disclosure of such Protected Material prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Order; however, those persons to whom disclosure was made shall be

-1-

promptly advised by the receiving party that the material disclosed was "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" and must be treated in accordance with this Order.

3. In the event the Producing Party elects to produce files and records for inspection, and the inspecting party desires to inspect files, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all documents and information within the produced files shall be considered as designated "Confidential -- Counsel Only." Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain Protected Material with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

4. Protected Material classified as "Confidential" may be disclosed only to the following persons, except upon the prior written consent of the designating party or further order of the Court:

  a. Outside attorneys of record in this matter, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action, as well as in-house counsel for each party, provided that in-house counsel are materially involved in the prosecution, defense, or settlement of this matter, and provided further that such in-house counsel comply with Paragraph 8 of this Protective Order. In-house counsel in this matter and under this provision shall include one (1) in-house attorney for Motorola Mobility, Inc., in its capacity of indemnitor of Sprint Nextel Corporation and Sprint Solutions, Inc., who is materially involved in the prosecution, defense, or settlement of this matter in this action;

  b. Officers and employees for each party, provided that they are materially involved in the prosecution, defense, or settlement of this matter, and provided further that such persons comply with Paragraph 8 of this Stipulated Protective Order;

c. Independent experts and consultants (collectively, "experts") retained in this action by the outside attorneys of record, provided that the expert satisfies the conditions set forth in Paragraph 5 of this Protective Order;

d. A witness during a deposition or at trial who, on the face of the document, is clearly an author or recipient of the document;

e. Court reporters or videographers who are preparing transcripts of testimony of a witness in this case;

f. Outside vendors who perform scanning, photocopying, computer classifications or similar clerical functions, as well as jury consultants, trial consultants, and graphics and animation specialists, but only for so long as necessary to perform those services and no documents or copies shall be retained; and

g. This Court and any court to which an appeal in this action might lie.

5. No expert shall receive Protected Material under Paragraph 4(c) or Paragraph 6 of this Stipulated Protective Order unless and until the conditions set forth in this Paragraph 5 are met. The parties currently disagree as to whether a person employed by one of the parties may serve as an expert in this matter. The parties have agreed to discuss whether an employee may be permitted to be an expert under Paragraph 5 if this becomes an issue later in the case. In the event the parties are unable to reach agreement, the party seeking to designate an employee as an expert may apply to the Court for relief. The parties agree that, except as provided by Paragraph 4(b), no "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" materials may be shown to any such employee absent agreement of the parties or Court order. However, an expert retained by a Party or its counsel as an outside expert in other matters shall not, merely by this fact, be considered an employee of a party. Any expert must be provided with a copy of this Stipulated Protective Order and must comply with Paragraph 8 of this Stipulated Protective Order. The signed acknowledgement form of Paragraph 8 must be sent to opposing counsel, together with the following information regarding the expert: name, present employer and title, and a resume

or similar description of prior work/employment, all past consulting relationships, a list of all cases in which, in the last 4 years, the expert testified at trial or by deposition, and all past and present affiliations with any party. Opposing counsel shall have ten (10) calendar days after receipt of the expert's identification and signed acknowledgment to object in good faith, in writing, to disclosure of Protected Material on the basis that disclosure of Protected Material to the proposed expert would result in material risk of disclosure or misuse of the Protected Material. Opposing counsel then shall have ten (10) additional calendar days to file a motion for a protective order to exclude the proposed expert from receiving Protected Material. Failure to object or file a motion within the time permitted by this Paragraph 5 shall be deemed a waiver of any objection to the expert's access to the information. If a timely objection is made, no disclosure of Protected Material shall be made to the expert until the objection is resolved by the Court or the time for filing a motion under this Paragraph has expired.

6. Certain financial, pricing, cost, licensing, supplier, vendor, marketing, business strategy, sales, customer, engineering, development and technical information that is particularly sensitive and/or of immediate competitive significance may be designated "Confidential -- Counsel Only." Care shall be taken by the Producing Party to use the designation "Confidential -- Counsel Only" only where the Producing Party has a good faith belief that such protection is needed. Access to all Protected Material that is designated "Confidential -- Counsel Only" shall be limited to only those persons designated in paragraphs 4(a), (c), (d), (e), (f), and (g) above.

7. The parties shall only designate Protected Material as "Highly Confidential – Source Code" if it contains proprietary "Source Code," which is defined herein as including, but not limited to, software code, source code, object code, executable code, source code listing, object code listing and documents that describe such software code, whether in electronic or printed form. Protected Material designated as "Highly Confidential – Source Code" may only be disclosed to outside attorneys of record in this matter, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action,

and those persons identified in paragraph 4(c), (d), (e), (f), and (g) above. Further, a designated expert under Paragraph 4(c) may make up to three printouts or excerpts of source code for use in preparation of expert reports, provided that any such printouts, excerpts, and expert reports are also subject to the restrictions of access imposed in this paragraph. Further, the printouts or excerpts should only be a reasonable number of pages that is necessary for case preparation activity. The Producing Party shall Bates number and label any printouts or excerpts provided to the Receiving Party. Any printouts or excerpts must be marked "Highly Confidential – Source Code" and must be kept in a secured locked area in their offices. Any reports, exhibits, testimony, or other communication(s) that are to be filed with or presented to the Court that refer to, relate to, or include any portion of the source code shall be limited to only that necessary to support the argument made in referencing the Source Code and must be designated as "Highly Confidential – Source Code" and lodged with the Court as provided in Paragraph 9, and remain subject to the access restrictions imposed by this paragraph. Source Code, and any Protected Material designated as "Highly Confidential – Source Code," shall be made available for inspection during regular business hours at the Requesting Party's choice of one of the offices of the Producing Party's outside attorneys of record on three business days written notice on one stand-alone computer (that is, not connected to any network, without limitation, a Local Area network (LAN) or the Internet, and shall not be connected to a modem). The stand-alone computer shall have a copy of Microsoft Word installed on it. No electronic copies of Source Code shall be made. No recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, Dictaphones, or telephone jacks) will be permitted inside the room housing the Source Code at the offices of the outside attorneys of record for the Producing Party. A designated expert may take notes relating to the Source Code, but may not copy the Source Code into the notes. Such notes shall be treated the same as the printouts and/or excerpts mentioned above.

/ / /

8. Prior to disclosure of Protected Material to any person enumerated in Paragraph 4(b) or (c), or any in-house counsel identified per paragraph 4(a), the person receiving such Protected Material shall execute the attached Agreement To Be Bound By Protective Order and a copy of such executed Agreement shall be retained by counsel for the receiving party. A copy of the executed Agreement shall be provided to counsel for the Producing Party within the time frame set forth in Paragraph 5 in the case of disclosure to an expert; and at least five (5) calendar days prior to disclosure of Protected Information in the case of disclosure to a person enumerated in Paragraph 4(b).

9. In the case of applications, motions or other papers submitted to the Court in which a party submits Protected Materials, all documents containing Protected Materials that are submitted to the Court shall be filed in accordance with the Court's proposed L.R. 10-5(b) regarding filing documents under seal.

10. All notes, extracts, and summaries of Protected Material shall also be considered Protected Material and shall be subject to the terms of this Order. All copies of Protected Material shall be considered Protected Material.

11. A party shall not be obligated to challenge the propriety of a "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" classification at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party may request, in good faith, in writing to the party who produced Protected Material that the classification be modified or withdrawn. A request presumptively is not made in good faith if it seeks the de-designation of over 100 documents at one time if such documents are not presented as a category of documents with a common reason the party requesting de-designation believes show why the group of documents as a whole should be de-designated. If the designating party does not agree to reclassification within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief. Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any information classified as "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" by the other party is in fact confidential information. In

-6-

determining whether any such designation is proper, the Court shall be governed by the standards set forth in Fed. R. Civ. P. 26(c) and the case law thereunder.  The burden of proof and persuasion shall be on the party seeking to maintain confidentiality.

12. Protected Material disclosed through testimony or otherwise at any deposition in this litigation may be designated as "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" by any party or the witness by indicating on the record at the deposition or by written notice to the opposing party and the court reporter within fourteen (14) days of receipt of a transcript thereof.  All transcripts shall be treated as "Confidential – Outside Counsel Only" until expiration of the fourteen (14) day period, unless otherwise agreed by the parties and witness on the record at the deposition or in writing.  The court reporter shall designate those portions of the deposition transcripts which are designated on the record as Protected Material with the appropriate "Confidential," "Confidential -- Counsel Only," or "Highly Confidential – Source Code" legend.  If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such material shall be asked to leave the deposition until such time as the testimony no longer involves disclosure of such material.

13. This Order shall not bar any attorney identified in paragraph 4(a) above in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Protected Material produced or exchanged herein, provided however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Protected Material produced by another party herein if that disclosure would be contrary to the terms of this Order.

14. Except as set forth in Paragraph 14 of this Stipulated Protective Order, all Protected Material, including information contained in Protected Material, may be used only for the purposes of the present litigation, including all appeals, and in proceedings to enforce a subpoena in connection with this litigation.  In all appeals and proceedings to enforce a subpoena, the party relying upon the Protected Material shall use appropriate procedures to

-7-

ensure that the Court treats the Protected Material as "Confidential," "Confidential – Counsel Only," and "Highly Confidential – Source Code" in accordance with this Stipulated Protective Order. At the conclusion of this litigation, by final judgment, settlement, or otherwise, each party shall promptly return to the other party all Protected Material produced, disclosed, or designated by such other party during this litigation. Alternatively, a party may destroy these materials and certify in writing that it has done so. Notwithstanding the foregoing, outside counsel may retain an archival copy of documents filed with the Court, deposition transcripts with exhibits, and discovery responses that contain Protected Material, provided such archival copies are maintained in confidence. Except as provided above, neither party shall retain a copy in any form of Protected Material after the termination of this litigation. The treatment accorded Protected Material under this Order shall survive the termination of this action.

15. In the event that a party seeks discovery from a non-party to this action, either the non-party or the parties may invoke the terms of this Order with respect to any Protected Material provided to the parties by the non-party by so advising all parties in this suit in writing. Any non-party that discloses Protected Material under this Order shall be entitled to the rights of a party under this Protective Order with respect to those produced materials.

16. Nothing in this Stipulated Protective Order shall restrict a party's use of its own Protected Materials. Similarly, nothing in this Order shall be deemed in any way to restrict the use of information that is lawfully obtained or publicly available to a party independently of discovery in this action, whether or not such information has also been obtained during the course of discovery in the action.

17. Execution and entry of this Order shall not prevent a party to the litigation or a non-party under Paragraph 15 from seeking modification of or relief from this Order or from seeking other relief or protective orders as may become appropriate or necessary to efficiently prepare this matter for trial.

/ / /

/ / /

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 19, 2011 | Dated: May 19, 2011 |
| 3 | /s/ Paul A. Stewart | /s/Matthew M. Lubozynski (with permission) |
|   | Mark Borghese, Esq. | Gregory A. Brower |
| 4 | **BORGHESE LEGAL LTD.** | Chad R. Fears |
|   | 10161 Park Run Drive, Ste. 150 | **SNELL & WILMER LLP** |
| 5 | Las Vegas, NV 89145 | 3883 Howard Hughes Parkway, Suite 1100 |
|   | | Las Vegas, Nevada 89169 |
| 6 | Paul A. Stewart, Esq. | |
|   | Milan S. Kapadia, Esq. | William H. Boice |
| 7 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** | Steven D. Moore |
|   | 2040 Main Street, 14th Floor | K. James Sangston |
| 8 | Irvine, CA 92614 | Matthew M. Lubozynski |
|   | | Kristopher L. Reed |
| 9 | Attorneys for Plaintiff | **KILPATRICK TOWNSEND & STOCKTON LLP** |
|   | | 1100 Peachtree Street, Suite 2800 |
| 10 | | Atlanta, GA 30309-4528 |
| 11 | | Attorneys for Defendants |

**IT IS SO ORDERED**.

Dated: May 20, 2011

_____
Honorable Peggy A. Leen
UNITED STATES MAGISTRATE JUDGE

-9-

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> SPRINT NEXTEL CORPORATION, a Kansas corporation; and SPRINT SOLUTIONS, INC., a Delaware corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: 2:11-cv-00012-JCM-PAL |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

In consideration of the disclosure to me or production by me of certain information which is or, upon production, may be designated as subject to a Protective Order of the Court, I agree as follows:

1. I have read the Protective Order in this case and I agree to be bound by its terms.
2. I understand that if I violate the terms of the Protective Order, I may be subject to a contempt of court proceeding.
3. I agree to submit to the jurisdiction of the Court for the purpose of enforcement of this Protective Order.

Dated: _____

_____
(Signature)

_____
(Print Name)

_____
(Address)

_____
(Address)

**CERTIFICATE OF SERVICE**

I, Paul A. Stewart, certify that on May 19, 2011, I presented the within [Proposed] Stipulated Protective Order to the Clerk of Court for filing and uploading to the ECF system which will send notification to the following:

Greg A. Brower
Chad R. Fears
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169

William H. Boice
Steven D. Moore
K. James Sangston
Kristopher L. Reed
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528

I declare under penalty of perjury that the foregoing statements are true and correct.

 /s/ Paul A. Stewart
Paul A. Stewart
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614

Attorneys for Plaintiff,
2-WAY COMPUTING, INC.

11263619
051911