UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SPRINT SOLUTIONS, INC., et al., ) <br> ) <br> Defendants. ) | Case No. 2:11-cv-00012-JCM-PAL <br><br> **ORDER** <br><br> (Mtn to Seal - Dkt. #140) |

      This matter is before the court on Defendants' Unopposed Motion for Leave to File Under Seal (Dkt. #140). The court has considered the Motion.

      Defendants seek an order, pursuant to LR 10-5(b), sealing portions of their Motions for Summary Judgment (Dkt. ##130, 134) and certain exhibits and declarations submitted with the Motions. On March 20, 2011, the court entered a Protective Order (Dkt. #39) to facilitate the parties' discovery exchanges in this case. On May 24, 2012, the court entered an Order (Dkt. #99) approving the parties stipulated amendment to the Protective Order. Defendants represent that compelling reasons exist to maintain certain information filed with the Motions for Summary Judgment under seal. The first category of documents Defendants seek to maintain under seal relate to the development and operation of iDEN and QChat are proprietary and not readily available to the public. Defendants assert that maintaining the confidentiality of such technology is essential to its business and the companies who have contracted with Defendants to use the technology.

      The second category of documents Defendants seek to maintain the confidentiality of relate to Defendant Sprint's ongoing operations, including competition, and/or its contracting with Motorola, Inc., for the use of iDEN technology and purchase of devices for use on the iDEN platform. Defendants assert the disclosure of these documents would provide Sprint's competitors an advantage because they

could determine Sprint's decision-making procedures and how Sprint seeks to differentiate itself from its competitors.  Additionally, disclosure would provide Sprint and Motorola Mobility's competitors with insight into the proprietary iDEN technology.

In the Ninth Circuit, it is well-established that the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court,* 187 F.3d 1096, 1103 (9th Cir.1999).  However, where a party opposing disclosure shows compelling reasons for limiting access to litigation documents and information produced during discovery and attached to dispositive motions, the materials may be filed under seal.  *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006).  The court finds Defendants have stated compelling reasons for maintaining the confidentiality of documents filed in connection with their Motions for Summary Judgment.

Accordingly,

**IT IS ORDERED** that Defendants' Unopposed Motion to Seal (Dkt. #140) is GRANTED.

Dated this 24th day of March, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE