1  Paul A. Stewart (*Admitted Pro Hac Vice*)
   paul.stewart@kmob.com
2  Irfan A. Lateef (*Admitted Pro Hac Vice*)
   irfan.lateef@kmob.com
3  Cheryl T. Burgess (*Admitted Pro Hac Vice*)
   cheryl.burgess@kmob.com
4  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, 14th Floor
5  Irvine, CA 92614
   Telephone: (949) 760-0404
6  Facsimile:  (949) 760-9502
   Attorneys for Plaintiff/Counterdefendant
7
   William H. Boice (Admitted *Pro Hac Vice*)
8  bboice@kilpatricktownsend.com
   Steven D. Moore (Admitted *Pro Hac Vice*)
9  smoore@kilpatricktownsend.com
   Kristopher L. Reed (*Admitted Pro Hac Vice*)
10 kreed@kilpatricktownsend.com
   Matthew M. Lubozynski *(Admitted Pro Hac Vice)*
11 mlubozynski@kilpatricktownsend.com
   Christopher Schenck (*Admitted Pro Hac Vice*)
12 cschenck@kilpatricktownsend.com
   **KILPATRICK TOWNSEND & STOCKTON LLP**
13 1100 Peachtree Street, Suite 2800
   Atlanta, GA 30309-4528
14 Telephone: (404) 815-6500
   Facsimile:  (404) 815-6555
15 Attorneys for Defendants/Counterclaimants

16            **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF NEVADA**
17

| | |
|---|---|
| 2-WAY COMPUTING, INC., a Nevada corporation, | Case No.: 2:11-cv-00012-JCM-(PAL) |
| Plaintiff, | |
| v. | |
| SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation, | **ORDER GRANTING CONSENT MOTION FOR CLARIFICATION OF ORDERS ON MOTIONS FOR SUMMARY JUDGMENT** |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

ON THIS DAY the Court considered the parties' Consent Motion for Clarification of Orders on Motions for Summary Judgment, and having fully considered the joint motion, the Court hereby orders as follows:

1. It is ORDERED, ADJUDGED, and DECREED that the parties' Consent Motion for Clarification of Orders on Motions for Summary Judgment is hereby GRANTED. The Court clarifies its prior Orders (Doc. Nos. 160 and 161) as follows:

   a. For the reasons set forth in the Court's Order on the Motion for Summary Judgment of Noninfringement (Doc. #160), the Court holds that none of the accused QChat devices infringes any claim of United States Patent No. 5,434,797, either literally or under the doctrine of equivalents.

   b. For the reasons set forth in the Court's Order on the Motion for Summary Judgment as to the Applicability of Intervening Rights (Doc. #161), the Court holds that Plaintiff's claim of infringement of claim 6 of United States Patent No. 5,434,797 is not impacted by the Court's holding regarding absolute intervening rights.

DATED July 15, 2014.

_____
THE HONORABLE JAMES C. MAHAN

- 2 -