**SNELL & WILMER**
Greg Brower (Nevada Bar No. 5232)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:  (702) 784-5200
Fax:  (702) 784-5252
Email:    gbrower@swlaw.com
          breeve@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
William H. Boice (*Pro Hac Vice*)
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
Matthew M. Lubozynski (*Pro Hac Vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Tel:  (404) 815-6500
Fax:  (404) 815-6555
Email:    bboice@kilpatricktownsend.com
          smoore@kilpatricktownsend.com
          mlubozynski@kilpatricktownsend.com
          kreed@kilpatricktownsend.com
          cschenck@kilpatricktownsend.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 2-WAY COMPUTING, Inc. a Nevada corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation,<br><br>        Defendants.<br>AND RELATED COUNTERCLAIM | Case No. 2:11-cv-00012-JCM-PAL<br><br>**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WAYNE E. STARK REGARDING LITERAL INFRINGEMENT OF CLAIM 6 OF THE '797 PATENT** |

Defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc. (collectively, "Sprint") hereby move the Court to preclude all opinion and testimony at trial from Plaintiff 2-Way Computing, Inc.'s technical expert, Wayne E. Stark, that any of the accused Sprint products *literally infringe* Claim 6 by combining the claimed status information, audio data, and arbitration value into a single packet. As explained further below, Dr. Stark failed to offer any opinion regarding such a theory in his Rule 26(a)(2) expert report. Therefore, under Rule 37(c) of the Federal Rules of Civil Procedure, Dr. Stark should not be allowed to present a literal infringement theory with respect to Claim 6 at trial.[1]

## I. BACKGROUND

This is an action for patent infringement. 2-Way alleges that 77 models of phones sold by Sprint infringe multiple claims of United States Patent No. 5,434,797 (the "'797 Patent"), including Claim 6. Claim 6 of the '797 patent requires, *inter alia*, "audio data packets" that "comprise [1] a status field which contains data which reflects an operative communication state of the computer, [2] an arbitration field which contains data which reflects an arbitration value, and [3] an audio data field which contains compressed digital audio waveform data." (Dkt. No. 1 at 36, '797 Reexamination Certificate at col. 2, ll. 25-30.)

In his expert report served August 15, 2013, Dr. Stark offered no opinion that the accused devices *literally* infringe Claim 6 by sending and receiving "audio data packets" that each contain status information, audio data, and an arbitration value. Instead, Dr. Stark argued that "I do not see any language in the claim or in the Court's claim construction that requires each packet within the claimed audio data packets to contain status information, audio data, and an arbitration value." (Opening Expert Report of Wayne E. Stark ("Stark Rep.") at ¶ 195, relevant excerpt attached as Exhibit A.) In the alternative, Dr. Stark opined: "However, even if the Court were to later render a claim construction that requires each packet to contain all three, the Accused Products would still meet this claim limitation ***under the doctrine of equivalents***." (*Id.* at ¶ 195 (emphasis added).)

---

[1] This motion is moot if the Court grants Sprint's previously filed Motion for Partial Reconsideration regarding Claim 6. (Dkt. No. 163.)

- 1 -

Thus, Dr. Stark's opinion in his expert report regarding the presence of audio data packets where each contains all three required elements was limited to an assertion of the doctrine of equivalents, not an opinion regarding literal infringement.

Contrary to Dr. Stark's opinion, however, the Court held on summary judgment that each claimed "audio data packet" from Claim 6 must include all of the three claimed information types – (i) status information; (ii) audio data; and (iii) an arbitration value. (*See* Dkt. No. 160 at 4-5, 8-9, 10.)  Moreover, the Court held on summary judgment that no genuine issue of material fact existed as to 2-Way's doctrine of equivalents arguments for any claims, and therefore granted summary judgment to Sprint under that theory of infringement. (*See id.* at 8, 10-11.)

## II.  LEGAL STANDARDS

### A. Failure To Disclose Under Rule 26(a)(2) and Rule 37(c)(1)

Rule 26(a)(2) requires that written reports from experts contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Corresponding Rule 37(c)(1) further provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the ***party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless." (emphasis added).

"The Advisory Committee Notes describe ... [Rule 37(c)(1)] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (quoting Fed.R.Civ.P. 37 Advisory Committee's note (1993)).  Thus, "[u]nder Federal Rule of Civil Procedure 37(c)(1), a party who fails to provide information required to be disclosed under Rule 26(a), which includes expert reports, is not allowed to use that information at a trial, unless the failure is substantially justified or is harmless." *United Nat. Maint., Inc. v. San Diego Convention Ctr. Corp.*, 07-CV-2172-AJB, 2011 WL 672799, at *3 (S.D. Cal. Feb. 18, 2011).

### B.   Literal Infringement vs. the Doctrine of Equivalents

"To establish *literal infringement*, every limitation set forth in a claim must be found in an accused product, exactly." *E.g., Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) (emphasis added).  In contrast, "[a]n accused product that does not literally infringe a claim may infringe under the *doctrine of equivalents* if 'it performs substantially the same function in substantially the same way to obtain the same result.'" *Id.* at 1579 (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)) (emphasis added).

### III.   ARGUMENT

The Court should preclude Dr. Stark from offering any opinion or testimony at trial that any accused Sprint product *literally infringes* Claim 6 by sending and receiving (i) status information; (ii) audio data; and (iii) an arbitration value, in the same "audio data packet" as required by Claim 6. Dr. Stark offers no opinion in his expert report that any of the accused products literally infringes Claim 6 of the '797 Patent by sending and receiving "audio data packets" that each contain status information, audio data, and an arbitration value. (*See* Stark Rep. at ¶¶ 195-96.)  Instead, the only opinion of literal infringement Dr. Stark offers in his report is premised on an incorrect claim construction position: "I do not see any language in the claim or in the Court's claim construction that requires each packet within the claimed audio data packets to contain status information, audio data, and an arbitration value" (*Id.* at ¶ 195.)  The Court explicitly rejected this erroneous claim construction position on summary judgment. (*See* Dkt. No. 160 at 4-5, 8-9, 10.)  This eliminated the sole literal infringement theory regarding Claim 6 disclosed in Dr. Stark's expert report.

The only remaining infringement theory Dr. Stark offered regarding claim 6 in his expert report was under the *doctrine of equivalents*, not a literal infringement theory. (*See id.* at ¶¶ 195-96 ("[E]ven if the Court . . . requires each packet to contain all three [*i.e.*, status information, audio data, and an arbitration value] the Accused Products would still meet this claim limitation *under the doctrine of equivalents*.").)  Therefore, with respect to Claim 6, Dr. Stark should be precluded under Rule 37(c)(1) from presenting any theory of *literal infringement* at trial.  *See, e.g., United Nat. Maint.*, 2011 WL 672799, at *5 (precluding an expert under Rule 37(c)(1) from testifying on a theory not previously disclosed in a written report under Rule 26(a)(2)); *Carrillo v. B & J Andrews*

- 3 -

*Enterprises, LLC*, 2:11-CV-01450-RCJ, 2013 WL 420401, at *5 (D. Nev. Jan. 31, 2013) (precluding expert testimony not timely disclosed under Rule 26(a)(2)(B)).

Nor should Dr. Stark be allowed to supplement his expert report at this late date to include a theory of literal infringement of Claim 6. The deadline for the disclosure of expert opinions under Rule 26(a)(2) was August 15, 2013 – well over one year ago. (*See* Dkt. No. 123.) Expert discovery closed on October 16, 2013. (*See id.*) Dispositive motions have been fully briefed and decided. (*See, e.g.,* Dkt. No. 160.) The parties have spent the past several months preparing for trial, and shortly will file the joint pretrial order pursuant to Local Rule 16-3. (*See* Dkt. No. 176.) There is no reason Dr. Stark could not previously have offered an opinion as to literal infringement of claim 6 based the Court's actual claim construction, and he should have done so in his initial expert report. Allowing supplementation to occur now would disrupt trial preparations by requiring Sprint to take a further deposition of Dr. Stark and then to have its own expert address Dr. Stark's newly formed opinions. Thus, permitting Dr. Stark to supplement to introduce a new infringement theory at such a late hour in the litigation would be neither substantially justified nor harmless. *See, e.g., Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties . . . is not harmless.").

## IV.   CONCLUSION

For the reasons discussed above, the Court should preclude Plaintiff's technical expert Dr. Stark from presenting a theory of literal infringement of Claim 6 at trial.

Dated: October 31, 2014                                Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

*s/ Matthew M. Lubozynski*
Matthew M. Lubozynski (*Pro Hac Vice*)
mlubozynski@kilpatricktownsend.com
William H. Boice (*Pro Hac Vice*)
bboice@kilpatricktownsend.com
Steven D. Moore (*Pro Hac Vice*)
smoore@kilpatricktownsend.com
Kristopher L. Reed (*Pro Hac Vice*)

- 4 -

kreed@kilpatricktownsend.com
Christopher Schenck (*Pro Hac Vice*)
cschenck@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Tel:     (404) 815-6500
Fax:    (404) 815-6555

**SNELL & WILMER LLP**

Greg Brower (Nevada Bar No. 5232)
gbrower@swlaw.com
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:     (702) 784-5200
Fax:    (702) 784-5252

*Attorneys for Defendants*
*Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WAYNE E. STARK REGARDING LITERAL INFRINGEMENT OF CLAIM 6 OF THE '797 PATENT** by the method indicated:

| | |
|---|---|
| ___XXX___ | by the Court's CM/ECF Program |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Electronic Mail |
| _____ | by Federal Express |
| _____ | by Hand Delivery |

Mark Borghese, Esq.
BORGHESE LEGAL, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Phone: (702) 382-4804
Fax: (702) 382-4805
Email: mark@borgheselegal.com

*Attorneys for Plaintiff*

Paul A. Stewart, Esq.
Steven A. Maddox, Esq.
Irfan A. Lateef, Esq.
Cheryl T. Burgess, Esq.
Baraa Kahf, Esq.
KNOBBE MARTENS OLSON
    & BEAR LLP
2040 Main St, 14th Floor
Irvine, CA 92614
Email: paul.stewart@kmob.com
Email: ilateef@kmob.com
Email: cheryl.burgess@kmob.com
Email: baraa.kahf@knobbe.com

Sean A. Luner
DOVEL & LUNER LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
310-656-7066

*Attorneys for Plaintiff*

1 | DATED: October 31, 2014        *s/Matthew M. Lubozynski*
                                    Matthew M. Lubozynski

5994466V.2

- 7 -