UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 2-WAY COMPUTING, INC., | Case No. 2:11-cv-00012-JCM-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #179) |
| SPRINT SOLUTIONS, INC., et al., | |
| Defendants. | |

This matter is before the court on Defendants Motion to File Exhibits to Motion to Exclude the Testimony of Michele M. Riley and to Defendants' Motion in Limine to Preclude the Testimony of Plaintiff's Expert Wayne E. Stark Regarding Literal Infringement of Claim 6 of the '797 Patent Under Seal (Dkt. #179) filed October 31, 2014.  The court has considered the Motion.

Defendants seek an order pursuant to LR 10-5(b) permitting them to file the following documents under seal:

- Portions of the Motion to Exclude the Testimony of Michele M. Riley (Dkt. #181) (the "Riley Motion"), which contain quotations from the court's Order (Dkt. #160), which was filed under seal pursuant to the parties' requests;
- Exhibit A to the Riley Motion, which contains excerpts from the expert report of Plaintiff's damages expert;
- Exhibit B to the Riley Motion, which contains excerpts from the deposition of Plaintiff's damages expert; and

/ / /

/ / /

- Exhibit A to the Motion to Exclude the Testimony of Plaintiff's Expert Wayne E. Stark (Dkt. #180) (the "Stark Motion"), which contains excerpts from the expert report of Plaintiff's technical expert.

Defendants represent that the information contained in the Riley Motion has already been found to warrant sealing, as the court entered that Order under seal at the parties' requests. With respect to the information contained in the various exhibits to the Riley and Stark Motions Defendants represent that that information has been designated by the parties as "Confidential—Attorney's Eyes Only" pursuant to the terms of the Stipulated Protective Order (Dkt. #39) entered by the court on May 20, 2011, which protects certain "financial information, pricing, cost, licensing, supplier, vendor, marketing, business strategy, sales, customer, engineering, development and technical information that is particularly sensitive and/or of immediate competitive significance." Protective Order (Dkt. #39) at ¶ 6. Defendants assert that because the court entered the Protective Order, and the Motions are non-dispositive, the presumption of public access is rebutted.

Defendants misunderstand the Ninth Circuit's opinion in *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), as it relates to attaching confidential material to non-dispositive motions, and their reliance on the Stipulated Protective Order is misplaced. The court entered the Protective Order to facilitate discovery exchanges in this case; in entering the Order, the court made no findings that any particular documents were confidential or entitled to be filed under seal. The Ninth Circuit has observed that a party seeking a blanket protective order "typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). The Ninth Circuit has also held that reliance on a stipulated blanket protective order does not justify sealing court records. 966 F.2d at 475-76. Because a blanket stipulated protective order does not contain a finding of good cause to keep any particular document confidential, the fact that a court has entered a blanket stipulated protective

1  order and that a party has designated a document confidential pursuant to that protective order
2  does not establish good cause for sealing a particular document. *See, e.g., Rockwell Automation,*
3  *Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D. Nev. June 9, 2014).

4  The language Defendants rely on from *Kamakana* refers to protective orders entered
5  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and not to blanket protective
6  orders. In fact, later in *Kamakana*, the Ninth Circuit directly addresses "the hazard of stipulated
7  protective orders," noting they often "purport to put the entire litigation under lock and key
8  without regard to the actual requirements of Rule 26(c)." 447 F.3d at 1183.

9  Defendants have not met their burden of making a particularized showing of good cause
10 for each document they seeks to file under seal. They have not provided any specific facts,
11 supported by affidavits or concrete examples, to show any specific confidential information
12 should remain under seal or to establish that disclosure of the information would cause an
13 identifiable and significant harm.

14 Accordingly,

15 **IT IS ORDERED:**

16 1. Defendants' Motion to Seal (Dkt. #179) is DENIED WITHOUT PREJUDICE.
17 2. The party who designated the documents at issue in the Motion to Seal (Dkt. #179)
18 shall have until **November 26, 2014,** in which to file a Memorandum of Points and
19 Authorities and any supporting declaration or affidavit to make a particularized
20 showing of good cause why the excerpts and exhibit set forth above should remain
21 under seal.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3. The Unredacted Motion and Exhibits (Dkt. #182) shall remain under seal until **November 26, 2014.** If the party who designated the documents at issue in the Motion to Seal (Dkt. #179) fails to timely comply with this order, the court will direct the Clerk of Court to unseal the appropriate documents and make them available on the public docket.

Dated this 12th day of November, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE