**SNELL & WILMER**
Greg Brower (Nevada Bar No. 5232)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:  (702) 784-5200
Fax: (702) 784-5252
Email:    gbrower@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
William H. Boice (*Pro Hac Vice*)
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Tel:  (404) 815-6500
Fax: (404) 815-6555
Email:    bboice@kilpatricktownsend.com
              smoore@kilpatricktownsend.com
              kreed@kilpatricktownsend.com
              cschenck@kilpatricktownsend.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 2-WAY COMPUTING, Inc. a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:11-cv-00012-JCM-PAL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WAYNE E. STARK REGARDING LITERAL INFRINGEMENT OF CLAIM 6 OF THE '797 PATENT** |

Defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc. (collectively, "Sprint") submit this Reply in Support of its Motion *In Limine* to Preclude the Testimony of Wayne E. Stark Regarding Literal Infringement of Claim 6 of the '797 Patent, Dkt. 180 ("Mot.").

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Sprint seeks to preclude 2-Way's expert, Dr. Stark, from opining that the Sprint products literally infringe claim 6 of the '797 patent under the construction that the Court reiterated in its recent Summary Judgment Order: that the "audio data packets" of claim 6 must contain—in the same packet— a "status field," an "arbitration field," and an "audio data field." Dkt. 160 at 5. In his infringement expert report, Dr. Stark did not address literal infringement of claim 6 under this construction. Tellingly, in its Opposition to Sprint's Motion, 2-Way does not dispute this fact.

Instead, 2-Way argues that an opinion "in [Dr. Stark's] report as part of his analysis of Claim 1 . . . applies with equal force to Claim 6." 2-Way. Opp. at 6-7. As explained in more detail below, given the circumstances and the differences between Claim 1 and Claim 6, 2-Way's position is incorrect. 2-Way cannot conflate its expert's analysis of claim 1 with his analysis of claim 6 because those claims have different requirements—specifically, claim 1 requires that the "audio data packet" have only two things in it (audio data and status information), while claim 6 also requires a third (arbitration field). Thus, Dr. Stark's analysis of claim 1 is no substitute for an analysis of the additional requirements of claim 6.

Moreover, for both claims, as 2-Way acknowledged in its Opposition (and in its earlier Opposition to Sprint's Motion for Summary Judgment of Non-Infringement), Dr. Stark's infringement expert report was focused on arguments made under the assumption that the components parts of the claimed "audio data packets" could each be in different packets—and need not be in the same packet. *See* 2-Way Opp. at 5; *see also* 2-Way Opp. to SJ Mot. at 9-18. Indeed, at Dr. Stark's deposition he explicitly stated that he had not given any weight to 2-Way's prior representation to the Court or the Court's acknowledgement of the parties' agreement that each packet must contain all of the required information (two pieces of information for claim 1, and three

- 1 -

for claim 6).[1]  This is crucial because, as the Court recently reiterated in its Summary Judgment Order, "[i]t has been understood since the *Markman* hearing that an audio data packet [in claim 1] required both audio data and status information."  Order on SJ Mot., Dkt. 160 at 5.  Dr. Stark's analysis of claim 6 did not analyze whether all three of the required types of information is ever in the same audio data packet.  In short, Dr. Stark willfully ignored a construction that 2-Way had explicitly agreed to, and that the Court had entered in its *Markman* Order.

Since he based the overwhelming majority of his infringement opinions on an incorrect construction of "audio data packets," it is unsurprising that Dr. Stark failed to address literal infringement of claim 6 under the proper construction of that term.  2-Way now attempts to use a brief discussion from Dr. Stark's report regarding claim 1 under the proper construction as an excuse to offer a new opinion regarding the different, and additional, requirements of claim 6.

That discussion of claim 1 totals three paragraphs, and is reproduced below to highlight how little attention Dr. Stark gave this issue:



---

[1] Stark deposition at 171:17-21 ("Q. Okay. So this sentence here, 'Both sides agree that the packet of data must include both audio data and status information,' that didn't play any part in your analysis; is that correct? A. That's correct."); *id.* at 172:16-18 ("Q. Did that statement by 2-Way's counsel play any part of your analysis of the '797 Patent? A. No.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15 *See* Ex. 1 to 2-Way Opp. at pp. 51-52, Dkt. 190, Opening Expert Report of Wayne E. Stark.
16
17
18
19                                                                                                       The Court cited
20 these opinions in previously denying Sprint's motion regarding literal infringement of claim 1.
21 Dkt. 160 at 5-6.
22      Dr. Stark *did not* include a similar section (or any discussion of the ACCH at all) in his
23 opinions regarding claim 6, and critically, failed to offer any opinion that the use of the ACCH also
24 includes the "arbitration field" that claim 6 requires that each audio data packet contains in addition
25 to "audio data" and "status information."
26
27           Thus, 2-Way cannot import Dr. Stark's discussion of the ACCH from his
28 discussion of claim 1 into his discussion of the different requirements of claim 6, as doing so is far

- 3 -

1  more than the "cut and paste" job 2-Way suggests. *See* 2-Way Opp. at 7. Nor is there any merit in 2-Way's argument that Sprint should have somehow known that the ACCH argument from the claim 1 section of Dr. Stark's report "applies with equal force" to the different requirements of claim 6 as well.

2-Way is essentially asking the Court to let it supplement Dr. Stark's report to include a variant of the ACCH argument for Claim 6—even though it admits that argument was not present in Dr. Stark's initial report. In analyzing whether a party can supplement an expert report under FRCP 26(e), "[c]ourts distinguish true supplementation (*e.g.,* correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by supplementing an expert report with a new and improved expert report." *Disney Enterprises, Inc. v. Kappos*, 923 F. Supp. 2d 788, 795 (E.D. Va. 2013) (emphasis added); *see also Smith v. Wal-Mart Stores, Inc.*, No. 2:13-CV-1597-MMD-VCF, 2014 WL 3548206, at *3 (D. Nev. July 16, 2014) (citing *Luke v. Family Care and Urgent Medical Clinics,* 323 Fed. Appx. 496, 500 (9th Cir.2009)) (FRCP 26(e) "does not create a 'loophole' for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed."). Additionally, a party's "clear obligation to disclose and supplement expert witness information in a timely fashion . . . does not permit a party to make an end-run around the normal timetable for conducting discovery." *Disney*, 923 F. Supp. 2d at 795.

2-Way is blatantly attempting to end-run around the normal timetable for discovery. In drafting Dr. Stark's original report, 2-Way chose to ignore the Court's construction of audio data packets—a construction it had agreed to. Based on that choice, it also chose not to include any discussion of the ACCH in Dr. Stark's discussion of alleged infringement under Claim 6. Now that it has forced the Court to rule—again—that the components of the claimed "audio data packets" must be present in a single packet, 2-Way seeks to re-write its infringement report. This is just the sort of improper gamesmanship courts have steadfastly rejected.

Even the authority 2-Way cites is of no avail. *See Carrillo v. B & J Andrews Enterprises, LLC*, No. 2:11-CV-01450-RCJ, 2013 WL 420401, at * 4 (D. Nev. Jan. 31, 2013) (cited in 2-way Opp. at 9) (excluding evidence disclosed after the expert disclosure deadline). As explained in that case, supplementation means "correcting inaccuracies . . . based on information that was not

- 4 -

1   available at the time of the initial disclosure." *Id.* Here, 2-Way is not attempting to address new
2   information. It had all the relevant information at hand when it drafted Dr. Stark's report, and it
3   chose not to address the ACCH in Dr. Stark's discussion of Claim 6.

### A. 2-Way's Attempted Supplementation is Not Justified or Harmless

2-Way argues its actions should be excused because they are "substantially justified or harmless." 2-Way Opp. at 9. In making that argument, 2-Way contends (i) "Dr. Stark did not undertake to hide any evidence willfully or in bad faith"; (ii) "Sprint [has not and] will not suffer prejudice"; and (iii) there would be "no likely disruption of the trial." *Id.* at 9-11. Each of these contentions is wrong.

First, Dr. Stark consciously failed to include any discussion of the ACCH (and thus literal infringement under the proper claim construction) in his opinion of infringement under claim 6. As shown by the discussion of the ACCH for claim 1 excerpted above, Dr. Stark was fully aware of the ACCH when he wrote his report—he simply chose not to address it in relation to claim 6. 2-Way's only support for its argument that Dr. Stark did not willfully conceal his argument is that "he served an expert report that spanned 2429 pages." 2-Way Opp. at 11. But as shown above, the opinion at issue here only references claim 1 and is only ***three paragraphs*** long. The fact that Dr. Stark's report was over two thousand pages long only serves to underscore how impossible it would have been for Sprint to somehow have known that the ACCH argument "applies with equal force to Claim 6"—a different, more specific claim. Beyond that, as the Court has repeatedly acknowledged, during claim construction 2-Way agreed that the "audio data packets" of claim 6 must contain their respective component parts (status, arbitration, and audio data fields). 2-Way willfully ignored that agreed-upon construction when drafting Dr. Stark's report.

Second, Sprint has in fact suffered prejudice. 2-Way argues Sprint was not prejudiced because it claims Sprint "questioned Dr. Stark *extensively* on this very opinion during his October 8, 2013 deposition." 2-Way Opp. at 10 (emphasis added). At the outset, the "extensive" deposition questioning 2-Way references was all of two questions. *Id.* at 8. Sprint could not have extensively questioned Dr. Stark on his opinions about how the use of the ACCH meets Claim 6 because Dr. Stark did not have any opinion on that issue. Beyond that, "discussion of a topic at a deposition

1   is not a substitute for an expert report, at least where the deviations are as substantial . . . . Without a
2   timely produced expert report, served sufficiently in advance of a deposition so that the adversary
3   can effectively use the services of its own expert to prepare for a deposition, the adversary does not
4   have an adequate opportunity, at the deposition, to test the expert's opinions and qualifications to
5   assert those opinions." *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, No. 03 CIV. 8250, 2006
6   WL 44053, at *2 (S.D.N.Y. Jan. 9, 2006). 2-Way is attempting to add an entirely new opinion to
7   Dr. Stark's report. Sprint could not have previously deposed him on that opinion, because it did not
8   previously exist.

9   2-Way also claims lack of prejudice because "Sprint's expert [Dr. Acampora] rebutted the
10   opinion in his later served report." 2-Way Opp. at 10. With regards to claim 6, Dr. Acampora
11   made a general statement that

12

13

14   *See* Ex. 2 to 2-Way Opp. at p. 26, Dkt. 190, Rebuttal Expert Report of Anthony
15   Acampora (cited in 2-Way Opp. at 9). Dr. Acampora did not have the chance to fully address
16   Dr. Stark's new opinion that the use of the ACCH infringes Claim 6—because, once again,
17   Dr. Stark did not include that opinion in his report.

18   Quite simply, Sprint has been prejudiced because it was not afforded an opportunity to
19   depose Dr. Stark on his new opinion, nor was its expert Dr. Acampora given the chance to address
20   that opinion. 2-Way incredibly claims this prejudice was somehow "cured" by a declaration
21   Dr. Stark offered in support of 2-Way's Opposition to Sprint's Motion for Summary Judgment—a
22   declaration prepared and served four months after Dr. Stark's report, three months after
23   Dr. Acampora's report, and two months after Dr. Stark's deposition. 2-Way Opp. at 10-11. This
24   declaration—which references documents available to Dr. Stark when he wrote his report—again
25   reinforces that Dr. Stark simply chose not to address the proper construction of "audio data packets"
26   or the ACCH in his original report's discussion of claim 6. He should not be able to ambush Sprint
27   with a new opinion that does so now.

28

Finally, the trial calendar for this case has already been disrupted, as 2-Way has introduced Dr. Stark's new opinions and forced Sprint to bring this motion. 2-Way argues no disruption is possible because trial is "over nine months away." 2-Way Opp. at 11. But Courts have routinely rejected attempts to add new expert opinions in similar situations, many months away from trial. *E.g.*, *Churchill v. United States*, No. 1:09-CV-01846 LJO, 2011 WL 444849, *7-8 (E.D. Cal. Feb. 8, 2011) ("Plaintiffs assumption that six months is sufficient time to revamp the scheduling order in this case to timely proceed to trial is mistaken and shows a fundamental misunderstanding of the purpose of the Court's scheduling orders. . . . Plaintiffs were well aware of the importance the Court and the other parties placed in adhering to the scheduling order so that this matter would proceed in a thorough and orderly manner. Plaintiffs cannot now claim that the severe disruption to those expectations should be readily excused.") (internal quotations and citations omitted). As the Ninth Circuit explained, "[d]isruption to the schedule of the court and other parties . . . is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2004). There are no good reasons not to enforce the schedule of this case.

Beyond that, the parties have already made extensive preparations for trial. Dispositive motions have been filed and ruled on, and the parties have already exchanged exhibit lists, filed the pretrial order, and developed their trial themes. If 2-Way is allowed to add Dr. Stark's new opinion, all of these preparations will have to be re-done.

## **CONCLUSION**

Dr. Stark willfully ignored the Court's claim construction—a construction 2-Way agreed to—in writing his report. 2-Way cannot undo that choice now.

For the reasons set forth above, as well as set forth in Sprint's Motion *In Limine* to Preclude the Testimony of Wayne E. Stark Regarding Literal Infringement of Claim 6 of the '797 Patent, Sprint respectfully requests that the Court exclude Mr. Stark's testimony regarding literal infringement of claim 6.

| | | |
|---|---|---|
| 1 | Dated: December 3, 2014 | Respectfully submitted, |
| 2 | | **KILPATRICK TOWNSEND & STOCKTON LLP** |
| 3 | | |
| 4 | | |
| 5 | | *s/Christopher Schenck* |
| | | Christopher Schenck (*Pro Hac Vice*) |
| 6 | | cschenck@kilpatricktownsend.com |
| | | 1420 Fifth Avenue, Suite 4400 |
| 7 | | Seattle, WA 98101 |
| | | Tel:     (206) 467-9600 |
| 8 | | Fax:    (206) 623-6793 |
| 9 | | |
| | | Steven D. Moore (*Pro Hac Vice*) |
| 10 | | smoore@kilpatricktownsend.com |
| | | Two Embarcadero Center, Eighth Floor |
| 11 | | San Francisco, CA  94111 |
| | | Tel:     (415) 576-0200 |
| 12 | | Fax:    (415) 576-0300 |
| 13 | | |
| | | William H. Boice (*Pro Hac Vice*) |
| 14 | | bboice@kilpatricktownsend.com |
| | | 1100 Peachtree Street, Suite 2800 |
| 15 | | Atlanta, GA  30309 |
| | | Tel:     (404) 815-6500 |
| 16 | | Fax:    (404) 815-6555 |
| 17 | | |
| | | Kristopher L. Reed (*Pro Hac Vice*) |
| 18 | | kreed@kilpatricktownsend.com |
| | | 1400 Wewatta Street, Suite 600 |
| 19 | | Denver , CO 80202 |
| | | Tel:     (303) 571-4000 |
| 20 | | Fax:    (303) 571-4321 |

| | |
|---|---|
| 1 | **SNELL & WILMER LLP** |
| 2 | Greg Brower (Nevada Bar No. 5232) |
| 3 | gbrower@swlaw.com<br>3883 Howard Hughes Parkway |
| 4 | Suite 1100 |
| 5 | Las Vegas, Nevada 89169<br>Tel:   (702) 784-5200 |
| 6 | Fax:   (702) 784-5252 |
| 7 | ***Attorneys for Defendants***<br>*Sprint Solutions, Inc., Nextel Finance Company,* |
| 8 | *Sprint United Management Company, Nextel of*<br>*California, Inc., Nextel Boost of California, LLC,* |
| 9 | *and Nextel Communications, Inc.* |

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WAYNE E. STARK REGARDING LITERAL INFRINGEMENT OF CLAIM 6 OF THE '797 PATENT** by the method indicated:

| | |
|---|---|
| __XXX__ | by the Court's CM/ECF Program |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Electronic Mail |
| _____ | by Federal Express |
| _____ | by Hand Delivery |

| | |
|---|---|
| Mark Borghese, Esq.<br>**BORGHESE LEGAL, LTD.**<br>10161 Park Run Drive, Suite 150<br>Las Vegas, NV 89145<br>Phone: (702) 382-4804<br>Fax: (702) 382-4805<br>Email: mark@borgheselegal.com<br><br>*Attorneys for Plaintiff* | Paul A. Stewart, Esq.<br>Steven A. Maddox, Esq.<br>Irfan A. Lateef, Esq.<br>Cheryl T. Burgess, Esq.<br>Baraa Kahf, Esq.<br>**KNOBBE MARTENS OLSON<br>   & BEAR LLP**<br>2040 Main St, 14th Floor<br>Irvine, CA 92614<br>Email: paul.stewart@kmob.com<br>Email: steve.maddox@knobbe.com<br>Email: ilateef@kmob.com<br>Email: cheryl.burgess@kmob.com<br>Email: baraa.kahf@knobbe.com<br><br>*Attorneys for Plaintiff* |

DATED: December 3, 2014        *s/Christopher Schenck*
                               Christopher Schenck