UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 2-WAY COMPUTING, INC.,<br><br>                      Plaintiff,<br>v.<br>NEXTEL FINANCE COMPANY, et al.,<br><br>                      Defendants. | Case No. 2:11-cv-00012-JCM-PAL<br><br>ORDER<br><br>(Mtn to Seal – Dkt. #187)<br>(Mtn to Seal – Dkt. #199) |

       This matter is before the court on Plaintiff 2-Way Computing, Inc.'s Unopposed Motion for Leave to File Under Seal (Dkt. #187) and Defendants Nextel Finance Company's, Sprint Solutions, Inc.'s, Sprint United Management Company's, Nextel Boost of California, LLC's, and Nextel Communications, Inc.'s ("Defendants") Unopposed Motion for Leave to File Under Seal (Dkt. #199).  The court has considered the Motions.

**I.    Plaintiff's Motion to Seal (Dkt. #187).**

       Plaintiff requests an order pursuant to LR 10-5(b) granting it leave to file portions of its (a) Opposition to Defendants' Motion in Limine to Preclude the Testimony of Plaintiff's Expert Wayne E. Stark Regarding Literal Infringement of Claim 6 of the '797 Patent (Dkt. #189); and (b) Opposition to Defendants' Motion to Exclude the Testimony of Michele M. Riley (Dkt. #188), including certain exhibits, under seal.  Plaintiff asserts first that the Oppositions incorporate and attach material deemed confidential under the Protective Order (Dkt. #39) and Amended Protective Order (Dkt. #99) entered by the court.

       Second, Plaintiff represents that, along with the Oppositions themselves, the following exhibits contain information related to the development and operation of the proprietary iDEN technology at issue in this lawsuit, including how devices that use iDEN technology operate:

- Exhibit 1 to the Declaration of Cheryl Burgess: the opening expert report of Wayne E. Stark;
- Exhibit 2 to the Burgess Declaration: excerpts from the rebuttal expert report of Anthony Acampora; and
- Exhibit 3 to the Burgess Declaration: excerpts from the deposition transcript of Wayne E. Stark.

Third, Plaintiff asserts that Exhibit 4 to the Burgess Declaration, the expert report of Michele Riley, contains confidential financial information about Sprint's sale of the accused products. Because of the confidential, proprietary, and private nature of these materials, Plaintiff contends public disclosure could result in improper use and would put Sprint and non-parties Motorola Mobility, Inc., and Motorola Solutions, at a competitive disadvantage.

In the Ninth Circuit, it is well-established that the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court,* 187 F.3d 1096, 1103 (9th Cir.1999). However, where a party shows good cause[1] for limiting access to documents and information produced during discovery and attached to non-dispositive motions, the materials may be filed under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). The court finds Plaintiff has stated good cause to file portions of the Oppositions and certain exhibits to the Oppositions, as set forth above, under seal. *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (compelling reasons where material could be a "vehicle for improper purposes," including the release of trade secrets)

Good cause to seal court records exist where the material might "become a vehicle for improper purposes," including the release of trade secrets. *See Kamakana,* 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit has adopted the Restatement's definition of "trade secret," which includes any "formula, pattern,

---

[1] Although Plaintiff argues the compelling reasons standard, good cause is the standard to apply because motions in limine are, by definition, non-dispositive evidentiary motions. *See Luce v. United States,* 469 U.S. 38, 40 n.2 (1984) (stating a motion in limine seeks "to exclude anticipated prejudicial evidence before the evidence is offered").

2

device or compilation of information which is used in one's business, and which gives him an opportunity over competitors who does not know or use it." *Apple Inc. v. Samsung Electronics Co., Ltd.,* 727 F.3d 1214, 1222 (Fed Cir. 2013) (applying Ninth Circuit law and citing Restatement (First) of Torts § 757 cmt. B). The court finds Plaintiff has made a particularized showing of good cause to file the Oppositions and the exhibits specified above under seal.

**II.     Defendants' Motion to Seal (Dkt. #199).**

Defendants seek an order permitting them to file portions of their Reply in Support of Defendants' Motion in Limine to Preclude the Testimony of Wayne E. Stark (Dkt. #200). Defendants assert that the court has previously determined that compelling reasons existed to seal documents related to iDEN, and devices that use iDEN, work when it granted leave to file documents under seal in connection with Defendants' Motions for Summary Judgment (Dkt. ##157, 159). Defendants contend the redactions to the Reply also relate to the functionality of the proprietary iDEN technology. For the reasons set forth above, the court finds Defendants have stated good cause to file portions of the Reply under seal.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to File Under Seal (Dkt. #187) is GRANTED.

2. Defendants' Motion to File Under Seal (Dkt. #199) is GRANTED.

Dated this 29th day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE