UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 2-WAY COMPUTING, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SPRINT SOLUTIONS, INC., et al., <br><br> Defendant(s). | Case No. 2:11-CV-12 JCM (PAL) <br><br> ORDER |

Presently before the court is defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc.'s ("Sprint") motion for partial reconsideration. (Doc. # 163). Plaintiff 2-Way Computing ("2-Way") filed a response (doc. # 165), and Sprint filed a reply (doc. #166).

I.  **BACKGROUND**

This is an action brought by 2-Way for patent infringement. 2-Way accuses Sprint of infringing U.S. Patent No. 5,434,797 entitled "Audio Communication System for a Computer and Network" ("the '797 patent"). (Doc. # 1 at 2). 2-Way describes the patent as disclosing an audio communication system that allows the user to talk with other users over a shared network, rather than having to rely on traditional telephone lines. The user can use a computer to place a call and continue to work on other applications and perform other tasks while the audio communication system is operating, and does not need to use a standard telephone. (*Id.* at 6). 2-Way asserts that Sprint has infringed on 23 claims of the '797 patent. (Doc. # 23 Attach. 1 at 2).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Robert Barrus is named as the inventor of the '797 patent, which was issued by the U.S. Patent Office on July 18, 1995. (Doc. # 1 at 6).

Sprint filed a motion for summary judgment for non-infringement. (Doc. # 130). 2-Way filed an opposition (doc. # 145), and Sprint replied (doc. # 154). On June 13, 2014, this court granted summary judgment and dismissed all claims relating to the issue of doctrine of equivalents but denied summary judgment relating to the issue of literal infringement for all claims. (Doc. # 160).

Sprint filed the instant motion for reconsideration before the court. (Doc. # 163). Sprint argues that the failure to determine whether control signals "ever function as arbitration values at the same time such signals . . . are combined in the same packet as audio data" is clear error. (*Id.* at 1-2). Arbitration values are control values that are set to determine which transmission has priority. (Doc. # 160 at 9).

## II.   LEGAL STANDARD

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

## III.   DISCUSSION

Sprint argues that the court failed to determine if the control signals "ever function as arbitration values at the same time such signals allegedly are combined in the same packet as audio data as Claim 6 requires." (Doc. # 163 at 2). Sprint alleges that the court's failure to make this determination constitutes clear error. (*Id.* at 3). Sprint argues that since the control signals must

**James C. Mahan**
**U.S. District Judge**

- 2 -

function as arbitration values at the beginning or end of a call where there is no audio data, it is impossible for the arbitration value to be included with audio data. If accepted, this temporal exclusivity argument defeats 2-Way's claim 6. (Doc. # 163 at 3-4). 2-Way replies that Sprint's motion is a new argument, disguised as a motion to reconsider, which would be improper for this court to consider. (Doc. # 165 at 3).

Here, Sprint does not present newly-discovered evidence or call the court's attention to an intervening change in controlling law. Thus, this court must have committed plain error in denying summary judgment for claim 6's literal infringement issue, or the result of summary judgment must be so manifestly unjust as to compel this court to grant Sprint's instant motion.

A review of Sprint's motion for summary judgment (doc. # 130 at 15-18) and a review of its reply in support of summary judgment (doc. # 154 at 6-9) reveal that it did not make this temporal exclusivity argument. Instead, Sprint first argued that the group call identifier and the group call modifier were not arbitration fields. (Doc. # 130 at 15-17). Sprint then argued that even if they were arbitration fields, these arbitration fields were not in packets with audio data. (Doc. # 154 at 7). The court rejected both arguments. (Doc. # 160 at 9).

Sprint would have needed to explicitly make the temporal exclusivity argument in its motion for summary judgment if Sprint wanted this court to consider that argument. The court is not required anticipate all of a party's potential arguments and include those potential arguments in its analysis. *See Genevier v. United States,* 357 Fed.App'x. 847 (9th Cir. 2008) (stating that the "court is not obliged to scour the record in search of potential arguments") (citing *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996)).

Regardless of whether Sprint's temporal exclusivity argument has merit, its failure to explicitly raise that argument in its motion for summary judgment and reply means that the court did not commit clear error when it did not determine if control signals could function as arbitration values when in the same packet as audio data.

Further, the court's denial of summary judgment for the literal infringement issues of claim 6 did not lead to a manifestly unjust outcome. By Sprint's own admission, the parties anticipate

**James C. Mahan**
**U.S. District Judge**

- 3 -

proceeding to trial regardless of the result of summary judgment. (Doc. # 166 at 2 n.2). Sprint may present its temporal exclusivity argument in later motions or at trial.

Accordingly, because the court did not commit clear error, and because the denial of summary judgment was not manifestly unjust, the court will deny Sprint's motion to reconsider.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to reconsider (doc. # 163) be, and the same hereby is DENIED, consistent with the foregoing.

DATED February 25, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**