**SNELL & WILMER**
Greg Brower (Nevada Bar No. 5232)
Kelly Dove (Nevada Bar No. 10569)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:   (702) 784-5200
Fax:   (702) 784-5252
Email: gbrower@swlaw.com
       kdove@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Tel:   (404) 815-6500
Fax:   (404) 815-6555
Email: smoore@kilpatricktownsend.com
       kreed@kilpatricktownsend.com
       cschenck@kilpatricktownsend.com

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, Inc. a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:11-cv-00012-JCM-PAL<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF MICHELE M. RILEY** |

Defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc. (collectively "Sprint") hereby notify the Court of the Eastern District Court of Virginia's recent decision in *Intelligent Verification Systems, LLC v. Microsoft Corporation, et. al.*, Case No. 2-12-cv-00525 (E.D. Va. Mar. 31, 2015), attached hereto as Exhibit A. This decision is relevant to Defendants' Motion to Exclude the Testimony of Michele M. Riley, Dkt. No. 181 ("Motion").

In the Motion, Defendants detailed how Ms. Riley's failed to properly apportion any value to the patented features, instead relying on her assumption that the patent covers the entirety of Push-To-Talk ("PTT"). Motion at 8-12; *see also* Defendants' Reply in Support of Motion to Exclude the Testimony of Michele M. Riley, Dkt. No. 198, at 2-4 ("Reply"). As explained by the Eastern District Court of Virginia in *Intelligent Verification Systems*, such failure to apportion is fatal to any damages analysis:

> IVS argued that further apportionment for the value of the patented feature, beyond identification of the necessary hardware components, was not required. Although IVS cited large portions of the Federal Circuit's holding in *Virnetx, Inc. v. Cisco Systems, Inc.*, 161 F.3d 1308 (Fed. Cir. 2014) in its brief, IVS's attempt to distinguish *Virnetx* is not readily apparent. IVS seems to distinguish *Virnetx* on its facts, arguing that "[i]n *Virnetx*, the patents in suit had system and method claims that did not recite component hardware parts like the entertainment device, acquisition device, and processor." ECF No. 371 at 19. IVS also argued that "further apportionment beyond removal of the 'non-infringing components' from the accused products is not a requirement imposed by *Virnetx* or any other legal authority cited by Defendants." *Id*. at 21. However, these arguments fail to rebut the plain language of *Virnetx*: "Where the smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented feature ... the patentee must do more to estimate what portion of the value of that product is attributable to the patented technology. To hold otherwise would permit the entire market value exception to swallow the rule of apportionment." 767 F.3d at 1327-28. Although Mr. Bratic did apportion out those hardware components not required to practice the patented feature, he did not properly apportion any value to the necessary hardware components. Indeed, a processor has "several non-infringing features with no relation

- 1 -

> to the patented feature," *id*. at 1327, yet Mr. Bratic attributed 100% of the processor to the apportioned royalty base. IVS could not plausibly argue that the processor does not have any other function besides practicing the patented feature, but that is exactly what Mr. Bratic's apportionment signifies. **His failure to identify the value of those necessary hardware components renders his opinion flawed and directly contrary to the Federal Circuit's provision in *Virnetx*. Moreover, Mr. Bratic's value determination based on comparing the costs of the necessary hardware components to practice the patented technology and the total cost of the accused product also fails to properly consider the value of the patented feature. This calculation still ties the alleged "value" to the necessary hardware components, not the value of the patented feature. Under *Virnetx*, Mr. Bratic was barred from ascribing all of the value of the patented feature to a multi-component product like a processor.**
>
> …
>
> Finally, IVS's argument that Mr. Bratic failed to apportion the value of the patented feature because Defendants did not provide adequate usage data is meritless. Regardless of whether Defendants provided usage data, it was IVS's burden to apportion the value of the patented feature to substantiate its damages claim. *See e.g., VirnetX*, 161 F.3d at 1329 ("VirnetX cannot simply hide behind Apple's sales model to avoid the task of apportionment."); *LaserDynamics*, 694 F.3d at 70 (holding that there is no "necessity-based exception to the entire market value rule"). Moreover, Mr. Bratic did not cite any lack of usage data in his analysis; rather, his "value" apportionment was based on the cost of the necessary hardware components as compared to the total cost of the accused product. **Accordingly, the undersigned finds that Mr. Bratic improperly apportioned the royalty base by failing to apportion the value of the patented feature beyond his identification of the SSPPU [smallest salable patent-practicing unit].**

*Intelligent Verification Systems*, at 17, 19 (emphasis added).

Ms. Riley also improperly relied on non-comparable licenses. Motion at 13-14; *see also* Reply at 4-7. Again, as the Court in *Intelligent Verification Systems* explained, reliance on such non-comparable licenses is improper:

> Not only was Mr. Bratic's reliance on the Immersion/Sony verdict and license as a comparable license improper, Mr. Bratic also incorrectly relied on thirteen Microsoft licenses to

- 2 -

> support the form of his royalty under *Georgia-Pacific* Factor No. Two. ECF No. 322, attach. 10 at 36. Mr. Bratic admitted that none of these agreements involved comparable technology, but proffered them simply to support his finding that the hypothetical negotiation would produce a running royalty, as opposed to a lump sum payment. *Id.* The Northern District of California recently rejected a similar opinion in *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006 (N.D. Cal. Mar. 11, 2013). There, the expert cited agreements that were "not for technologies directly comparable" to prove that "Sony has agreed to pay running royalties ranging from $0.01 to $0.25 per unit." *Id.* at 1015. Because the expert admitted that the technologies were not comparable, the court excluded him from referencing them, even though he proposed to only use them to note that they supported his royalty rate. *Id.* Mr. Bratic attempts to do the same thing as the expert in *TV Interactive Data Corp.* He admits the technologies are not comparable, even though Factor No. Two is addressed to "[t]he rates paid by the licensee for the use of other patents *comparable* to the patent-in-suit." ECF No. 322, attach. 10 at 36. **Though Mr. Bratic proposes to use the licenses simply to support the form of the royalty, the Federal Circuit has specifically rejected reliance on technologically noncomparable licenses under *Georgia-Pacific* Factor. No. Two.** *See, e.g., Lucent*, 580 F.3d at 1326-28.

*Intelligent Verification Systems*, at 14 (emphasis added).

| | | |
|---|---|---|
| 1 | Dated: April 10, 2015 | Respectfully submitted, |
| 2 | | **KILPATRICK TOWNSEND &** |
| 3 | | **STOCKTON LLP** |
| 4 | | |
| 5 | | *s/Christopher Schenck* |
|   | | Christopher Schenck (*Pro Hac Vice*) |
| 6 | | cschenck@kilpatricktownsend.com |
|   | | 1420 Fifth Avenue, Suite 4400 |
| 7 | | Seattle, WA 98101 |
|   | | Tel:    (206) 467-9600 |
| 8 | | Fax:   (206) 623-6793 |
| 9 | | Steven D. Moore (*Pro Hac Vice*) |
|   | | smoore@kilpatricktownsend.com |
| 10 | | Two Embarcadero Center, Eighth Floor |
|    | | San Francisco, CA  94111 |
| 11 | | Tel:    (415) 576-0200 |
| 12 | | Fax:   (415) 576-0300 |
| 13 | | Kristopher L. Reed (*Pro Hac Vice*) |
|    | | kreed@kilpatricktownsend.com |
| 14 | | 1400 Wewatta Street, Suite 600 |
|    | | Denver , CO 80202 |
| 15 | | Tel:    (303) 571-4000 |
| 16 | | Fax:   (303) 571-4321 |
| 17 | | **SNELL & WILMER LLP** |
| 18 | | Greg Brower (Nevada Bar No. 5232) |
|    | | gbrower@swlaw.com |
| 19 | | Kelly Dove (Nevada Bar No. 10569) |
| 20 | | kdove@swlaw.com |
|    | | 3883 Howard Hughes Parkway |
| 21 | | Suite 1100 |
|    | | Las Vegas, Nevada 89169 |
| 22 | | Tel:    (702) 784-5200 |
| 23 | | Fax:   (702) 784-5252 |
| 24 | | *Attorneys for Defendants* |
|    | | *Sprint Solutions, Inc., Nextel Finance* |
| 25 | | *Company, Sprint United Management* |
| 26 | | *Company, Nextel of California, Inc., Nextel* |
|    | | *Boost of California, LLC, and Nextel* |
| 27 | | *Communications, Inc.* |
| 28 | | |

- 4 -

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF MICHELE M. RILEY** by the method indicated:

| | |
|---|---|
| \_\_\_XXX\_\_\_ | by the Court's CM/ECF Program |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Electronic Mail |
| _____ | by Federal Express |
| _____ | by Hand Delivery |

Mark Borghese, Esq.
Borghese Legal, Ltd.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Phone: (702) 382-4804
Fax: (702) 382-4805
Email: mark@borgheselegal.com

*Attorney for Plaintiff*

Paul A. Stewart, Esq.
Irfan A. Lateef, Esq.
Cheryl T. Burgess, Esq.
Knobbe Martens Olson & Bear LLP
2040 Main St, 14th Floor
Irvine, CA 92614
Email: paul.stewart@kmob.com
Email: ilateef@kmob.com
Email: cheryl.burgess@kmob.com

*Attorney for Plaintiff*

DATED: April 10, 2015

*/s/ Christopher Schenck*
Christopher Schenck