UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 2-WAY COMPUTING, INC., | Case No. 2:11-CV-12 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| SPRINT SOLUTIONS, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc.'s (collectively "Sprint") motion *in limine* to exclude the testimony of plaintiff's expert Wayne E. Stark ("Stark") from presenting any theory of literal infringement of claim 6 at trial. (Doc. # 180). Plaintiff 2-Way Computing ("2-Way") filed a response, (docs. ## 189 and 191), and Sprint filed a reply, (docs. ## 200 and 201).[1]

**I.    Background**

This is an action brought by 2-Way for patent infringement. 2-Way accuses Sprint of infringing U.S. Patent No. 5,434,797, entitled "Audio Communication System for a Computer and Network" ("the '797 patent"). (Doc. # 1 at 2). 2-Way describes the patent as an audio communication system that allows the user to talk with other users over a shared network. Rather than having to rely on traditional telephone lines, the user can use a computer to place a call and continue to work on other applications and perform other tasks while the audio communication

---

[1] Documents 189 and 191, and 200 and 201 are sealed and unsealed versions of the same motion. All references in this order cite to sealed documents.

**James C. Mahan**
**U.S. District Judge**

system is operating. (*Id.* at 6). 2-Way asserts that Sprint has infringed on 23 claims of the '797 patent. (Doc. # 23 Attach. 1 at 2).

Robert Barrus is named as the inventor of the '797 patent, which was issued by the U.S. Patent Office on July 18, 1995. (Doc. # 1 at 6).

On June 13, 2014, this court granted partial summary judgment for Sprint and dismissed the issues under the doctrine of equivalents, but denied summary judgment regarding the issues of literal infringement. (Doc. # 160). The court held that audio data packets must consist of status information, audio data, and an arbitration value to constitute an infringement on claim 6. (*Id.* at 8–9). The parties have stipulated for trial to begin at the court's convenience after August 24, 2015. (Doc. # 185 at 11). Sprint has filed the instant motion *in limine*. (Doc. # 180).

**II.     Legal standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary ruling in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"*In limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord. Luce*,

James C. Mahan
U.S. District Judge

- 2 -

469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**III.    Discussion**

   ***A. Stark's report failed to offer a complete statement of, or a basis or reasons for his opinions pertaining to literal infringement theories for claim 6***

Fed. R. Civ. P. 26(a)(2)(B) details how expert witnesses must provide a written report prior to trial. Specifically, the report must contain:

> i. a complete statement of all opinions the witness will express and the basis and reasons for them;
> ii. the facts or data considered by the witness in forming [the opinions];
> iii. any exhibits that will be used to summarize or support [the opinions];
> iv. the witness's qualifications . . . ;
> v. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by depositions; and
> vi. a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)–(iv).

Sprint argues that Stark failed to offer a valid opinion that Sprint's products literally infringe on claim 6. (Doc. # 180 at 4). Instead, his opinion centered on an interpretation of claim construction that this court later rejected in Sprint's motion for summary judgment. (Doc. # 180 at 4; doc. # 160 at 4–5, 8–10). The effect of this rejection was that the court rejected Stark's only literal infringement theory on claim 6, thus leaving Stark without any opinion for a patent infringement of claim 6.

Specifically, Sprint argues that Stark did not opine on how its products would send and receive audio data packets that contained status information, audio data, and an arbitration value. These factors are required to show a patent infringement on claim 6. (Doc. # 180 at 4). Sprint further argues that Stark's infringement analysis under claim 1 is insufficient to use as a basis for an opinion for claim 6 because claim 1 requires status information and audio data, but claim 6 requires status information, audio data, and an arbitration value. (Doc. # 200 at 4). Thus, the omission of the arbitration value from Stark's analysis of claim 1 renders it unusable as a basis for an opinion regarding infringement on claim 6. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1    2-Way does not dispute Sprint's argument that the court's rejection of Stark's interpretation of claim construction is fatal to the opinion in his report. Instead, 2-Way asks the court to consider Stark's report as a whole since that report contained sufficient information in the analysis of claim 1 to provide the basis of his opinion for a literal infringement theory of claim 6. (Doc. # 189 at 2, 6). In the claim analysis, Stark stated that the audio data packets contained both status information and audio data. (*Id.* at 7). He additionally stated that some of these control signals also function as an arbitration value. (*Id.*). 2-Way contends that this information is sufficient to provide notice to Sprint and to satisfy the expert report requirement under Fed. R. Civ. P. 26(a)(2)(B). (*Id.* at 7, 9).

An expert report requires "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). 2-Way cannot point to this statement. Instead, 2-Way invites this court to connect the dots by pulling statements from other parts of Stark's 2,429 page report and reading them into his analysis of claim 6.

The court declines 2-Way's invitation. It is fundamentally unfair to force another party to anticipate all possible arguments that an expert may proffer at trial by assembling disjunctive statements scattered throughout his 2,429 page report. Allowing an expert witness to do so would permit that expert to create new theories and opinions without notice, leading to surprise and delay at trial.

Additionally, Stark's written declaration in opposition to Sprint's motion for summary judgment, (doc. # 146), also fails to satisfy the rule. An expert's short statement in response to a motion is insufficient for the purpose of satisfying Fed. R. Civ. P. 26(a)(2)(B), because it does not amend that expert's written report. Further, a short written statement submitted in response to a motion gives Sprint no opportunity to depose Stark and prepare a rebuttal. To satisfy the rule, 2-Way would have to submit a request to reopen discovery, amend its report, allow Sprint to depose Stark again, and allow Sprint's experts to respond accordingly.

As mentioned previously, Stark's report based its analysis for claim 6 on an interpretation of claim construction that this court later rejected. 2-Way cannot try to remedy Stark's failure to base his opinions on the correct claim construction by piecing together individual statements from the report and from his written statements made outside of the report. Thus, 2-Way has failed to

**James C. Mahan**
**U.S. District Judge**

- 4 -

satisfy Fed. R. Civ. P. 26(a)(2)(B), which required 2-Way to provide a complete statement of Stark's opinions for claim 6 and the basis and reasons for those opinions.

### B. The failure to provide a written opinion was neither justified nor harmless

When a party fails to provide a written report, the expert witness's testimony and report cannot be used for motions, at hearings, or "at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Generally, the exclusion penalty is self-executing and automatic. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

The Ninth Circuit has provided factors for a district court to consider when determining if a violation is justified or harmless. Those factors are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." (*Id.* citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).

#### 1. Prejudice or Surprise

2-Way argues that Sprint is neither prejudiced nor surprised by Stark's new opinion[2] because Sprint previously deposed Stark regarding that opinion. (Doc. # 180 at 7–10). 2-Way points to an exchange between Sprint's counsel and Stark during his deposition where 2-Way asserts he disclosed his new opinion. (*Id.* at 8). [3]

---

[2] The court uses the phrase "new opinion" to refer to the opinion that 2-Way wishes to assemble from Stark's claim 1 analysis for the literal infringement theory of claim 6.

[3] The relevant deposition transcript is as follows:

> Q [Sprint's counsel]: So, generally speaking, as one that has skill in the art, a packet would be a set of bits that's transmitted together as a unit; is that right?
>
> THE WITNESS [Stark]: *Outside the context of the patent*, a packet would be something that would be transmitted as a unit.

\* \* \* \*

James C. Mahan
U.S. District Judge

1    The court rejects 2-Way's argument because Sprint's questioning demonstrates that Stark believed that the idea of the packet was outside the context of the patent. (*Id.* at 8). This response demonstrates that Stark was not offering his opinion as a literal infringement theory for claim 6. Further, because his opinion was not being offered as a theory of patent infringement, Sprint and its experts did not anticipate rebutting Stark's opinion for this purpose.

2-Way also argues that Sprint's expert, Dr. Acampora ("Acampora"), rebutted Stark's new opinion, and points to that rebuttal as proof that Sprint would not be prejudiced or surprised. (*Id.* at 8–9). However, Sprint remains prejudiced. Because Stark believed that the idea of the packet was outside the patent's context, Sprint did not have the chance to fully question Stark about his new opinion and then have Acampora rebut that opinion.

That Sprint had the opportunity to foresee Stark's new opinion does not mean Sprint will not be prejudiced by the new opinion's improper introduction; it merely means that Sprint is not surprised by the new opinion. Similarly, that Acampora offered a brief statement generally addressing a potential opinion simply means that Sprint is not surprised. Accordingly, the court finds that allowing the introduction of Stark's new opinion at trial would prejudice Sprint.

**2. Sprint's ability to cure the prejudice**

Turning to the second factor, Sprint cannot cure this prejudice by its own actions. To cure, the court would have to reopen discovery. 2-Way would have to submit Stark's amended report, Sprint's expert witness would then have to review that report and submit a rebuttal, and then Sprint would need to conduct an additional deposition of Stark. Most of these actions are out of Sprint's control, and thus Sprint is not in a position to cure that prejudice.

---

> Q. Okay. So the thing that you're pointing to as a packet under Claim 6, would you consider that a packet outside the context of the patent?
>
> THE WITNESS: In certain situations it would be considered a packet.
>
> Q: Okay. What situations?
>
> A. Well, when the associated control channel is used for the control message and that's combined with an audio packet and you combine the two packets together, you get a packet that's sent together and transmitted together.

(Emphasis added) (doc. # 180 at 8).

**James C. Mahan**
**U.S. District Judge**

- 6 -

**3. The likelihood of disruption at trial**

2-Way argues that there is no significant likelihood of disruption should the court admit Stark's opinion at trial. (Doc. # 180 at 11). Additionally, 2-Way argues that there is no need to allow Sprint to depose Stark because Sprint is already aware of Stark's argument. Even if the court was inclined to allow a supplemental deposition, there is sufficient time before trial to allow a supplemental deposition. (*Id.*). Sprint replies that admitting Stark's opinion will cause a disruption to the trial dates, and the mere fact that the parties are several months away from trial does not mean that there is sufficient time to conduct a supplementary deposition. (Doc. # 200 at 8).

Sprint's argument is more persuasive. Should Stark's new opinion be admitted, this court would be inclined to allow a supplemental deposition and rebuttal given the fact that that Stark's new opinion was scarcely addressed by Sprint during deposition. That this matter is about four months from trial means that allowing such a deposition and rebuttal would likely require postponing trial.

**4. Bad faith or willfulness involved in not timely disclosing the evidence**

2-Way argues that there was no bad faith or willfulness in Stark's failure to offer his new opinion prior to the close of discovery. (Doc. # 189 at 11). Rather, Stark offered his new opinion based upon a claim construction that this court later rejected. (*Id.*). Sprint does not refute 2-Way's explanation. (*See* doc. # 200, 5–7). The court finds that Stark's new opinion was not willfully withheld or in bad faith. Rather, Stark's new opinion was required due to his reliance on a claim construction that this court rejected after the close of discovery.

Considering these four factors together, the court finds that the failure to offer a valid written opinion on the literal infringement of claim 6 was not harmless. While 2-Way did not act willfully or in bad faith, the prejudice that Sprint would experience, combined with Sprint's inability to cure that prejudice and the likelihood of postponing trial, leads the court to find that allowing Stark's new opinion to be introduced at trial would not be harmless.

2-Way did not argue that Stark's failure to include a written opinion on the proper claim construction was justified. Therefore, the court considers this argument waived.

**James C. Mahan**
**U.S. District Judge**

- 7 -

Thus, for reasons discussed above, the failure to offer a written opinion on the literal infringement theory for claim 6 was neither justified nor harmless.

## IV. Conclusion

Based on the above analysis, the court finds that 2-Way's expert, Wayne E. Stark, has failed to satisfy Fed. R. Civ. P. 26(a)(2)(B) regarding a written opinion for the literal infringement theory of claim 6. Further, the violation was neither justified nor harmless. Therefore, the court will grant Sprint's motion *in limine*.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion in limine to exclude the testimony of Wayne E. Stark regarding the literal infringement theories of claim 6 (doc. # 180) be, and the same hereby is, GRANTED.

DATED April 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -