Reza Mirzaie (*Admitted Pro Hac Vice*)
rmirzaie@raklaw.com
Marc A. Fenster (*Admitted Pro Hac Vice*)
mfenster@raklaw.com
Adam S. Hoffman (*Admitted Pro Hac Vice*)
ahoffman@raklaw.com
Shani M. Tutt (*Admitted Pro Hac Vice*)
stutt@raklaw.com
Brian D. Ledahl (*Admitted Pro Hac Vice*)
bledahl@raklaw.com
C. Jay Chung (*Admitted Pro Hac Vice*)
jchung@raklaw.com
**RUSS, AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Mark Borghese
Nevada Bar No. 6231
mark@borgheselegal.com
**BORGHESE LEGAL, LTD.**
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Telephone: (702) 382-0200
Facsimile: (702) 382-0212

Attorneys for Plaintiff/Counterdefendant,
2-WAY COMPUTING, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 2-WAY COMPUTING, INC., a Nevada corporation,<br><br>           Plaintiff,<br>   v.<br><br>NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; SPRINT SOLUTIONS, INC., a Delaware corporation, NEXTEL OF CALIFORNIA, INC., a Delaware corporation, NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation, Defendants. | Case No.: 2:11-cv-00012-JCM-(PAL)<br><br>**2-WAY COMPUTING, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** |

Pursuant to Local Rule 10-5 and Paragraph 9 of the Stipulated Protective Order (Docket No. 39), Plaintiff 2-Way Computing, Inc. ("2-Way") hereby respectfully moves for leave to file portions of the following Motions in Limine, filed contemporaneously herewith, as well as certain exhibits in support of such Motions, under seal:

(1) 2-Way Computing, Inc.'s Motion In Limine To Preclude Argument Or Evidence Regarding How Plaintiff's Infringement Analysis Would Affect Defendants' Invalidity Analysis

(2) 2-Way Computing, Inc.'s Motion In Limine To Exclude Defendants' Alleged Prior Art Documents

(3) 2-Way Computing, Inc.'s Motion In Limine To Preclude Defendants From Arguing Claim Constructions To The Jury

(4) 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton

(5) 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives

This Motion for Leave is based on the following Memorandum of Points and Authorities, the papers and pleadings on file, and any oral argument the Court may entertain. Additionally, counsel for 2-Way has conferred with counsel for Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc. (collectively, "Sprint"), who indicated that they do not oppose this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

On May 20, 2011, the Court entered the parties' Stipulated Protective Order. (*See* Docket No. 39.) On May 24, 2012, the Court entered a Stipulation for Amendment to Stipulated Protective Order. (*See* Docket No. 99.) The Stipulated Protective Order allows for the production of documents and information that contain business or technical information of a competitive significance. (*See* Docket No. 39 at ¶ 6.) The Stipulated Protective Order also protects non-parties that provide confidential documents and/or information in the case.

(*Id.* at ¶ 15.) Under the Stipulated Protective Order, the parties, as well as nonparties such as Motorola Mobility, Motorola Solutions, and Qualcomm, produced documents, provided information during discovery, and permitted the parties to produce information and documents subject to confidentiality restrictions. A number of documents and information produced were designated as "Confidential" in accordance with the provisions in the Stipulated Protective Order as the documents or information involved proprietary technical information with respect to the iDEN technology at issue and proprietary financial information with respect to sales of the accused products.

2-Way is now filing the five Motions in Limine listed above. The Motions incorporate materials that either the parties, or non-parties, have deemed "Confidential" under the Stipulated Protective Order. This includes portions of the briefs and certain exhibits to the declarations filed in support of 2-Way's Motions. In accordance with paragraph 9 of the Stipulated Protective Order, 2-Way hereby files the instant motion.

## II. LEGAL ARGUMENT AND ANALYSIS

The documents filed under seal should remain sealed because they contain confidential information and trade secrets regarding the technology at issue, competitive information, and financial information that should not be publicly available. The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (*quoting Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* At 1178-79. The Ninth Circuit has indicated that "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when it is appropriate to protect sensitive material, such as a party's proprietary business operations and trade secrets.

*See generally id.* at 1179. The information 2-Way seeks to maintain under seal meets the "compelling reasons" test.

The information 2-Way seeks to maintain under seal relates to (1) the development and operation of the iDEN system and (2) competitive financial information about Sprint's sale of the accused iDEN products. The information has been designated as "Confidential" under the Stipulated Protective Order because the producing party considers the information to be proprietary and subject to protection. Another district court considered the issue in an unrelated theft of trade secrets case involving documents concerning iDEN technology, and made specific findings of fact that the iDEN technology is proprietary and not readily available to the public. *See U.S. v. Hanjuan Jin*, 833 F. Supp. 2d 977, 982, 993 (N.D. Ill. 2012).

The following materials relate to the development and operation of the proprietary iDEN technology, including how devices that use such technology operate, and thus should be maintained under seal:

- Exhibit 1 to 2-Way Computing, Inc.'s Motion In Limine To Preclude Argument Or Evidence Regarding How Plaintiff's Infringement Analysis Would Affect Defendants' Invalidity Analysis
- Exhibit 22 to 2-Way Computing, Inc.'s Motion In Limine To Exclude Defendants' Alleged Prior Art Documents
- Exhibit 2 to 2-Way Computing, Inc.'s Motion In Limine To Preclude Defendants From Arguing Claim Constructions To The Jury

The following materials relate to confidential financial information regarding Sprint's sales of the accused products, and thus should be maintained under seal:

- Plaintiff 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton
- Exhibit C to Plaintiff 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton
- Exhibit D to Plaintiff 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton

3

- Exhibit A to Plaintiff 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives
- Exhibit B to Plaintiff 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives
- Exhibit E to Plaintiff 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives

Due to the confidential, proprietary, and private nature of these documents and information, public disclosure could result in improper use and could put not only Defendant Sprint, but also non-parties, at a competitive disadvantage in the marketplace.

Considering the information at issue, there is comparatively little value to the general public in terms of enhancing its "understanding of the judicial process." *See Kamakana*, 447 F.3d at 1179. Therefore, there is no harm to the public if this proprietary information is not publically accessible. Accordingly, this Court should enter an order to seal the documents and information and not place it on the Court's docket.

### III. CONCLUSION

The exhibits and redacted portions of 2-Way's Motions in Limine contain confidential information and trade secrets regarding the technology used by Sprint for Push-to-Talk, as well as confidential financial information regarding Sprint's sales of the accused products. Thus, 2-Way respectfully requests that the Court enter an Order granting this unopposed motion for these materials to remain sealed.

Dated:  July 24, 2015                    Respectfully submitted,


                                         By: /s/ Reza Mirzaie
                                         _____

                                             Reza Mirzaie
                                             Marc A. Fenster
                                             Adam S. Hoffman
                                             Shani M. Tutt
                                             Brian D. Ledahl
                                             Jay C. Chung
                                             RUSS, AUGUST & KABAT
                                             12424 Wilshire Boulevard, 12th Floor
                                             Los Angeles, California 90025

                                             Mark Borghese

                                             **BORGHESE LEGAL, LTD.**

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 24, 2015, I presented the within **2-WAY COMPUTING, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** to the Clerk of Court for filing and uploading to the ECF system which will send notification to the following:

Kelly H Dove
Email: kdove@swlaw.com
Brian R. Reeve
Email: breeve@swlaw.com
Chad R. Fears
Email: cfears@swlaw.com
Greg Bower
Email: gbrower@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Las Vegas, NV 89169
Tel: (702) 784-5200
Fax: (702) 784-5252

William H. Boice
Email: bboice@kilpatricktownsend.com
Steven D. Moore
Email smoore@kilpatricktownsend.com
Matthew M. Lubozynski
Email: mlubozynski@kilpatricktownsend.com
Kristopher L. Reed
Email: kreed@kilpatricktownsend.com
Christopher Schenck
Email: cschenck@kilpatricktownsend.com
K James Sangston
Email: jsangston@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Tel: (404) 815-6500
Fax: (404) 815-6555


/s/ Reza Mirzaie
Reza Mirzaie

Reza Mirzaie (*Admitted Pro Hac Vice*)
rmirzaie@raklaw.com
Marc A. Fenster (*Admitted Pro Hac Vice*)
mfenster@raklaw.com
Adam S. Hoffman (*Admitted Pro Hac Vice*)
ahoffman@raklaw.com
Shani M. Tutt (*Admitted Pro Hac Vice*)
stutt@raklaw.*com*
Brian D. Ledahl (*Admitted Pro Hac Vice*)
bledahl@raklaw.com
C. Jay Chung (*Admitted Pro Hac Vice*)
jchung@raklaw.com
**RUSS, AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Mark Borghese
Nevada Bar No. 6231
mark@borgheselegal.com
**BORGHESE LEGAL, LTD.**
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
Telephone: (702) 382-0200
Facsimile: (702) 382-0212

Attorneys for Plaintiff/Counterdefendant,
2-WAY COMPUTING, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, INC., a Nevada corporation,<br><br>        Plaintiff,<br>    v.<br><br>NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; SPRINT SOLUTIONS, INC., a Delaware corporation, NEXTEL OF CALIFORNIA, INC., a Delaware corporation, NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation,<br>        Defendants. | Case No.: 2:11-cv-00012-JCM-(PAL)<br><br>**[PROPOSED] ORDER GRANTING 2-WAY COMPUTING, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** |

The Court, having reviewed Plaintiff 2-Way Computing, Inc.'s ("2-Way") Unopposed Motion for Leave to File Under Seal and good cause appearing, hereby ORDERS that the following documents can be filed under seal:

- Exhibit 1 to 2-Way Computing, Inc.'s Motion In Limine To Preclude Argument Or Evidence Regarding How Plaintiff's Infringement Analysis Would Affect Defendants' Invalidity Analysis
- Exhibit 22 to 2-Way Computing, Inc.'s Motion In Limine To Exclude Defendants' Alleged Prior Art Documents
- Exhibit 2 to 2-Way Computing, Inc.'s Motion In Limine To Preclude Defendants From Arguing Claim Constructions To The Jury
- Plaintiff 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton
- Exhibit C to Plaintiff 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton
- Exhibit D to Plaintiff 2-Way Computing, Inc.'s Motion To Strike Portions Of The Opinions Of Defendants' Damages Expert Catharine Lawton
- Exhibit A to Plaintiff 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives
- Exhibit B to Plaintiff 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives
- Exhibit E to Plaintiff 2-Way Computing, Inc.'s Motion Exclude Defendants' Expert Opinions, Argument, And Evidence Regarding Non-Infringing Alternatives

IT IS SO ORDERED.

Dated:  August 19, 2015           By: _____
United States Magistrate Judge

1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 24, 2015, I presented the within **[PROPOSED] ORDER GRANTING 2-WAY COMPUTING, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** to the Clerk of Court for filing and uploading to the ECF system which will send notification to the following:

Kelly H Dove
Email: kdove@swlaw.com
Brian R. Reeve
Email: breeve@swlaw.com
Chad R. Fears
Email: cfears@swlaw.com
Greg Bower
Email: gbrower@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Las Vegas, NV 89169
Tel: (702) 784-5200
Fax: (702) 784-5252

William H. Boice
Email: bboice@kilpatricktownsend.com
Steven D. Moore
Email smoore@kilpatricktownsend.com
Matthew M. Lubozynski
Email: mlubozynski@kilpatricktownsend.com
Kristopher L. Reed
Email: kreed@kilpatricktownsend.com
Christopher Schenck
Email: cschenck@kilpatricktownsend.com
K James Sangston
Email: jsangston@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Tel: (404) 815-6500
Fax: (404) 815-6555


/s/ Reza Mirzaie
Reza Mirzaie

2