**SNELL & WILMER**
Greg Brower (Nevada Bar No. 5232)
Kelly Dove (Nevada Bar No. 10569)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:    (702) 784-5200
Fax:    (702) 784-5252
Email: gbrower@swlaw.com
        kdove@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Tel:    (404) 815-6500
Fax:    (404) 815-6555
Email: smoore@kilpatricktownsend.com
        kreed@kilpatricktownsend.com
        cschenck@kilpatricktownsend.com

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, INC. a Nevada corporation, <br><br>        Plaintiff, <br><br>        v. <br><br> SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation, <br><br>        Defendants. | Case No. 2:11-cv-00012-JCM-PAL <br><br> **DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** |
| AND RELATED COUNTERCLAIM | |

1          Pursuant to Local Rule 10-5 and Paragraph 9 of the Stipulated Protective Order,

2    Dkt. 39, Defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United

3    Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and

4    Nextel Communications, Inc. (collectively, "Sprint") hereby request that portions of Exhibits

5    C-H, and J to Defendants' Motion to Preclude Michele M. Riley's Testimony Due to

6    Improper Date of Hypothetical Negotiation, which will be electronically filed under seal

7    contemporaneously with this request, be sealed by this Honorable Court.. This Motion for

8    Leave is based on the following Memorandum of Points and Authorities, the papers and

9    pleadings on file, and any oral argument the Court may entertain. Additionally, counsel for

10   Sprint has conferred with counsel for Plaintiff who indicated that the Plaintiff will not oppose

11   the current Motion.

12   **MEMORANDUM OF POINTS AND AUTHORITIES**

13   **I.      INTRODUCTION**

14         On May 20, 2011, the Court entered the parties' Stipulated Protective Order. *See*

15   Dkt. 39. On May 24, 2012, the Court entered a Stipulation for Amendment to Stipulated

16   Protective Order. *See* Dkt. 99. The Stipulated Protective Order allowed for the production of

17   documents and information that contain technical or business information of a competitive

18   significance. Dkt. 39 at ¶6. The Stipulated Protective Order also protected non-parties that

19   provided confidential documents and/or information in the case. *Id.* at ¶15. Under the

20   protective order, the parties, as well as non-parties such as Motorola Mobility, Motorola

21   Solutions, and Qualcomm, produced documents, provided information during discovery, and

22   permitted the parties to produce information and documents subject to confidentiality

23   restrictions. Much of this information was designated as "Confidential" in accordance with

24   the provisions in the Stipulated Protective Order as the information involved proprietary

25   technical information with respect to the iDEN technology at issue.

26         Previously in this matter, Sprint filed two Motions for Summary Judgment and replies

27   in support of those Motions. Both of those Motions involved materials that either the parties,

28   or non-parties, deemed "Confidential" under the Stipulated Protective Order, including

1

materials concerning how iDEN, and devices that use iDEN, operate. Thus, under paragraph 9 of the Stipulated Protective Order, Sprint filed a motion to seal certain materials involved in those Motions for Summary Judgment illustrating that "compelling reasons" existed for such materials to remain under seal. *See* Dkts. 140, 156. The Court granted those Motions. *See* Dkts. 157, 159. In granting those Motions to Seal, the Court found that "Defendants have stated compelling reasons for maintaining the confidentiality of documents filed in connection with their Motions for Summary Judgment." Dkt. 157 at 2. *See also* Dkt. 159 at 1. Similarly, in granting prior Motions to Seal in conjunction with previous motions *in limine*, the Court found that the expert report of Michele Riley contains confidential financial information, and that good cause was shown to seal such information. Dkt. 212 at 2-3.

## II.   LEGAL ARGUMENT AND ANALYSIS

The documents filed under seal should remain sealed because they contain confidential information and trade secrets regarding the technology at issue. In the case of dispositive motions, in which similar, if not the same, materials were deemed to remain under seal by this Court, *see* Dkts. 157, 159, "compelling reasons" must be shown in order to seal the records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). As described above, the Court found that the "compelling reasons" test was met to maintain under seal documents relating to the iDEN technology at issue.

The information Sprint seeks to maintain under seal here meets the "good cause" and "compelling reasons" test. Documents relating to the development and operation of iDEN are clearly proprietary and subject to protection. Another district court, in conjunction with a theft of trade secrets case involving documents concerning iDEN technology, made specific findings of fact that the iDEN technology is proprietary and not readily available to the public. *See U.S. v. Hanjuan Jin*, 833 F. Supp. 2d 977, 982, 991 (N.D. Ill. 2012) ("iDEN is a proprietary standard for cellular telecommunications technology developed by Motorola [and] is not publicly accessible."). Maintaining the confidentiality of such technology is essential to not only third parties that developed the technology such as Motorola Solutions and Motorola Mobility, but also the companies that have contracted with these companies to

use the technology and have agreed to maintain its confidentiality, such as Sprint.[1]  In fact, the Court filed its Order on the Motion for Summary Judgment involving the iDEN technology at issue under seal. *See* Dkt. 160.

The redactions to the exhibits to Defendants' Motion to Preclude Michele M. Riley's Testimony Due to Improper Date of Hypothetical Negotiation relate to (1) the functionality of the proprietary iDEN technology, how iDEN devices that use such technology operate, and the development of the iDEN technology, and thus should be maintained under seal, and (2) competitive financial information. The information has been designated as "Confidential" under the Stipulated Protective Order because the producing party considers the information to be proprietary and subject to protection. The Court's prior orders with respect to the Motions to Seal in conjunction with the Motions for Summary Judgment and previous motions *in limine*, *see, e.g.*, Dkt. 157, 159, 212, as well as the Order from the Northern District of Illinois discussed above, illustrate that Sprint has made the requisite particularized showing of good cause with respect to these documents.

Due to the confidential, proprietary, and private nature of these documents and information, public disclosure could result in improper use and could put not only Defendant Sprint, but also non-parties Motorola Mobility, LLC and Motorola Solutions, Inc. at a competitive disadvantage in the marketplace. Furthermore, the public has little to no interest in these documents and information in the context of this patent litigation matter brought by a non-practicing entity. Considering the information at issue, there is comparatively little value to the general public in terms of enhancing its "understanding of the judicial process." *See Kamakana*, 447. F.3d at 1179. Simply put, there is no harm to the public if they do not have access to the information Sprint seeks to seal. Therefore, this Court should enter an order to seal the documents and information and not place it on the Court's docket.

---

[1]  The agreements with these companies contain non-disclosure and confidentiality obligations.

3

1

### III.   CONCLUSION

2

Because certain exhibits to Defendants' Motion to Preclude Michele M. Riley's

3
Testimony Due to Improper Date of Hypothetical Negotiation contain confidential

4
information, and Plaintiff does not oppose the current Motion, Sprint respectfully requests

5
that the Court enter an Order that these materials remain sealed.

6
Dated: July 25, 2015                                            Respectfully submitted,

7
                                                                **KILPATRICK TOWNSEND &**
                                                                **STOCKTON LLP**
8

9

10
                                                                *s/Christopher Schenck*
                                                                Christopher Schenck (*Pro Hac Vice*)
                                                                cschenck@kilpatricktownsend.com
11
                                                                1420 Fifth Avenue, Suite 4400
12
                                                                Seattle, WA 98101
                                                                Tel:    (206) 467-9600
13
                                                                Fax:    (206) 623-6793

14
                                                                Steven D. Moore (*Pro Hac Vice*)
                                                                smoore@kilpatricktownsend.com
15
                                                                Two Embarcadero Center, Eighth Floor
16
                                                                San Francisco, CA  94111
                                                                Tel:    (415) 576-0200
17
                                                                Fax:    (415) 576-0300

18
                                                                Kristopher L. Reed (*Pro Hac Vice*)
                                                                kreed@kilpatricktownsend.com
19
                                                                1400 Wewatta Street, Suite 600
20
                                                                Denver , CO 80202
                                                                Tel:    (303) 571-4000
21
                                                                Fax:    (303) 571-4321

22
                                                                **SNELL & WILMER LLP**

23
                                                                Greg Brower (Nevada Bar No. 5232)
24
                                                                gbrower@swlaw.com
                                                                Kelly Dove (Nevada Bar No. 10569)
25
                                                                kdove@swlaw.com
                                                                3883 Howard Hughes Parkway
26
                                                                Suite 1100
                                                                Las Vegas, Nevada 89169
27
                                                                Tel:    (702) 784-5200
28
                                                                Fax:    (702) 784-5252

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Counsel for Defendants***
*Sprint Solutions, Inc., Nextel Finance*
*Company, Sprint United Management*
*Company, Nextel of California, Inc., Nextel*
*Boost of California, LLC, and Nextel*
*Communications, Inc.*

1

**CERTIFICATE OF SERVICE**

2      I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen

3   (18) years. On this date, I caused to be served a true and correct copy of the foregoing

4   **DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** by

5   the method indicated:

6                    XXX                              by the Court's CM/ECF Program

7                  _____                         by U. S. Mail

8                  _____                         by Facsimile Transmission

9                  _____                         by Electronic Mail

10                 _____                         by Federal Express

11                 _____                         by Hand Delivery

12

13   Mark Borghese, Esq.                    Reza Mirzaie
     **BORGHESE LEGAL, LTD.**               Marc A. Fenster
14   10161 Park Run Drive, Suite 150        Adam S. Hoffman
     Las Vegas, NV 89145                    Jay Chung
15   Tel:    (702) 382-4804                 Shani M. Tutt
     Fax:    (702) 382-4805                 Brian D. Ledahl
16   Email: mark@borgheselegal.com          **RUSS AUGUST & KABAT**
17                                          12424 Wilshire Boulevard, 12th Floor
     *Counsel for Plaintiff*                Los Angeles, CA 90025
18   *2-Way Computing, Inc.*                Tel:    (310) 826-7474
                                            Fax:    (310) 826-6991
19                                          Email: rmirzaie@raklaw.com
                                            Email: mfenster@raklaw.com
20                                          Email: ahoffman@raklaw.com
                                            Email: jchung@raklaw.com
21                                          Email: stutt@raklaw.com
                                            Email bledahl@raklaw.com
22

23                                          *Counsel for Plaintiff*
                                            *2-Way Computing, Inc.*
24

25

26   DATED: July 25, 2015                   *s/Christopher Schenck*
                                            Christopher Schenck (*Pro Hac Vice*)
27

28

6

**SNELL & WILMER LLP**
Greg Brower (Nevada Bar No. 5232)
Kelly Dove (Nevada Bar No. 10569)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:  (702) 784-5200
Fax:  (702) 784-5252
Email:   gbrower@swlaw.com
            kdove@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
Tel:  (404) 815-6500
Fax:  (404) 815-6555
Email:   smoore@kilpatricktownsend.com
            kreed@kilpatricktownsend.com
            cschenck@kilpatricktownsend.com

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 2-WAY COMPUTING, Inc. a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:11-cv-00012-JCM-PAL<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** |

1    The Court, having reviewed Defendants' Unopposed Motion for Leave to File Under Seal

2    and good cause appearing, hereby ORDERS that the following documents can be filed under seal:

3    　　　　1.　　　Exhibits C-H and J to Defendants' Motion to Preclude Michele M. Riley's

4    Testimony Due to Improper Date of Hypothetical Negotiation.

5

6    DATED this 19th day of August, 2015

7    　　　　　　　　　　　　　　　　THE HONORABLE PEGGY A. LEEN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1