**SNELL & WILMER**
Greg Brower (Nevada Bar No. 5232)
Kelly Dove (Nevada Bar No. 10569)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:   (702) 784-5200
Fax:  (702) 784-5252
Email: gbrower@swlaw.com
       kdove@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
Laura Mullendore (*Pro Hac Vice*)
Sara B. Giardina (*Pro Hac Vice*)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Tel:   (415) 576-0200
Fax:  (415) 576-0300
Email: smoore@kilpatricktownsend.com
       kreed@kilpatricktownsend.com
       cschenck@kilpatricktownsend.com
       lmullendore@kilpatricktownsend.com
       sgiardina@kilpatricktownsend.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 2-WAY COMPUTING, INC. a Nevada corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation,<br><br>      Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:11-cv-00012-JCM-PAL<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** |

Pursuant to Local Rule 10-5 and Paragraph 9 of the Stipulated Protective Order, Dkt. 39, Defendants Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc. (collectively, "Sprint") hereby request that portions of its Reply in Support of their Motion *In Limine* 3 and Exhibits A, and D-F, attached to the Reply Declaration of Christopher Schenck in Support of Defendants' Motions *In Limine* Nos. 3 & 6, which will be electronically filed under seal contemporaneously with this request, be sealed by this Honorable Court.. This Motion for Leave is based on the following Memorandum of Points and Authorities, the papers and pleadings on file, and any oral argument the Court may entertain. Additionally, counsel for Sprint has conferred with counsel for Plaintiff who indicated that the Plaintiff will not oppose the current Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

On May 20, 2011, the Court entered the parties' Stipulated Protective Order. *See* Dkt. 39. On May 24, 2012, the Court entered a Stipulation for Amendment to Stipulated Protective Order. *See* Dkt. 99. The Stipulated Protective Order allowed for the production of documents and information that contain technical or business information of a competitive significance. Dkt. 39 at ¶6. The Stipulated Protective Order also protected non-parties that provided confidential documents and/or information in the case. *Id.* at ¶15. Under the protective order, the parties, as well as non-parties such as Motorola Mobility, Motorola Solutions, and Qualcomm, produced documents, provided information during discovery, and permitted the parties to produce information and documents subject to confidentiality restrictions. Much of this information was designated as "Confidential" in accordance with the provisions in the Stipulated Protective Order as the information involved proprietary technical information with respect to the iDEN technology at issue.

Previously in this matter, Sprint filed two Motions for Summary Judgment and replies in support of those Motions. Both of those Motions involved materials that either the parties, or non-parties, deemed "Confidential" under the Stipulated Protective Order, including

1

1  materials concerning how iDEN, and devices that use iDEN, operate. Thus, under paragraph
2  9 of the Stipulated Protective Order, Sprint filed a motion to seal certain materials involved in
3  those Motions for Summary Judgment illustrating that "compelling reasons" existed for such
4  materials to remain under seal. *See* Dkts. 140, 156. The Court granted those Motions. *See*
5  Dkts. 157, 159. In granting those Motions to Seal, the Court found that "Defendants have
6  stated compelling reasons for maintaining the confidentiality of documents filed in
7  connection with their Motions for Summary Judgment."  Dkt. 157 at 2. *See also* Dkt. 159 at
8  1. Similarly, in granting prior Motion to Seal in conjunction with previous motions *in limine*,
9  the Court found that the expert report of Michele Riley contains confidential financial
10 information, and that good cause was shown to seal such information. Dkt. 212 at 2-3.

11 **II.      LEGAL ARGUMENT AND ANALYSIS**

12         The documents filed under seal should remain sealed because it contain confidential
13 information and trade secrets regarding the technology at issue. In the case of dispositive
14 motions, in which similar, if not the same, materials were deemed to remain under seal by
15 this Court, *see* Dkts. 157, 159, "compelling reasons" must be shown in order to seal the
16 records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). As
17 described above, the Court found that the "compelling reasons" test was met to maintain
18 under seal documents relating to the iDEN technology at issue.

19         The information Sprint seeks to maintain under seal here meets the "good cause" and
20 "compelling reasons" test. Documents relating to the development and operation of iDEN are
21 clearly proprietary and subject to protection. Another district court, in conjunction with a
22 theft of trade secrets case involving documents concerning iDEN technology, made specific
23 findings of fact that the iDEN technology is proprietary and not readily available to the
24 public. *See U.S. v. Hanjuan Jin*, 833 F. Supp. 2d 977, 982, 991 (N.D. Ill. 2012) ("iDEN is a
25 proprietary standard for cellular telecommunications technology developed by Motorola
26 [and] is not publicly accessible."). Maintaining the confidentiality of such technology is
27 essential to not only third parties that developed the technology such as Motorola Solutions
28 and Motorola Mobility, but also the companies that have contracted with these companies to

use the technology and have agreed to maintain its confidentiality, such as Sprint.[1]  In fact, the Court filed its Order on the Motion for Summary Judgment involving the iDEN technology at issue under seal. *See* Dkt. 160.

The redactions in Defendants' Reply in Support of their Motion *In Limine* 3 and Exhibits A, and D-F, attached to the Reply Declaration of Christopher Schenck in Support of Defendants' Motions *In Limine* Nos. 3 & 6, thereto relate to (1) the functionality of the proprietary iDEN technology, how iDEN devices that use such technology operate, and the development of the iDEN technology, and thus should be maintained under seal, and (2) competitive financial information. The information has been designated as "Confidential" under the Stipulated Protective Order because the producing party considers the information to be proprietary and subject to protection. The Court's prior orders with respect to the Motions to Seal in conjunction with the Motions for Summary Judgment and previous motions *in limine*, *see, e.g.*, Dkt. 157, 159, 212, as well as the Order from the Northern District of Illinois discussed above, illustrate that Sprint has made the requisite particularized showing of good cause with respect to these documents.

Due to the confidential, proprietary, and private nature of these documents and information, public disclosure could result in improper use and could put not only Defendants Sprint, but also non-parties Motorola Mobility, LLC and Motorola Solutions, Inc. at a competitive disadvantage in the marketplace. Furthermore, the public has little to no interest in these documents and information in the context of this patent litigation matter brought by a non-practicing entity. Considering the information at issue, there is comparatively little value to the general public in terms of enhancing its "understanding of the judicial process." *See Kamakana*, 447. F.3d at 1179. Simply put, there is no harm to the public if they do not have access to the information Sprint seeks to seal. Therefore, this Court should enter an order to seal the document and information and not place it on the Court's docket.

---

[1] The agreements with these companies contain non-disclosure and confidentiality obligations.

3

1  **III.    CONCLUSION**

2       Because portions of Defendants' Reply in Support of their Motion *In Limine* 3 and
3  Exhibits A, and D-F, attached to the Reply Declaration of Christopher Schenck in Support of
4  Defendants' Motions *In Limine* Nos. 3 & 6, contain confidential information regarding the
5  technology used by Sprint for Push-to-Talk that is at issue in this lawsuit, and financial
6  information related to the same, and because Plaintiff does not oppose the current Motion,
7  Sprint respectfully requests that the Court enter an Order that these materials remain sealed.

8  Dated: August 18, 2015                               Respectfully submitted,

                                                         **KILPATRICK TOWNSEND & STOCKTON LLP**


                                                         *s/Christopher Schenck*
                                                         Christopher Schenck (*Pro Hac Vice*)
                                                         cschenck@kilpatricktownsend.com
                                                         1420 Fifth Avenue, Suite 4400
                                                         Seattle, WA 98101
                                                         Tel:    (206) 467-9600
                                                         Fax:    (206) 623-6793

                                                         Steven D. Moore (*Pro Hac Vice*)
                                                         smoore@kilpatricktownsend.com
                                                         Sara B. Giardina (*Pro Hac Vice*)
                                                         sgiardina@kilpatricktownsend.com
                                                         Two Embarcadero Center, Eighth Floor
                                                         San Francisco, CA  94111
                                                         Tel:    (415) 576-0200
                                                         Fax:    (415) 576-0300

                                                         Kristopher L. Reed (*Pro Hac Vice*)
                                                         kreed@kilpatricktownsend.com
                                                         Laura Mullendore (*Pro Hac Vice*)
                                                         lmullendore@kilpatricktownsend.com
                                                         1400 Wewatta Street, Suite 600
                                                         Denver , CO 80202
                                                         Tel:    (303) 571-4000
                                                         Fax:    (303) 571-4321

                                                         **SNELL & WILMER LLP**

                                                         Greg Brower (Nevada Bar No. 5232)
                                                         gbrower@swlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kelly Dove (Nevada Bar No. 10569)
kdove@swlaw.com
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:     (702) 784-5200
Fax:    (702) 784-5252

*Counsel for Defendants*
*Sprint Solutions, Inc., Nextel Finance Company, Sprint United Management Company, Nextel of California, Inc., Nextel Boost of California, LLC, and Nextel Communications, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** by the method indicated:

| | |
|---|---|
| __XXX__ | by the Court's CM/ECF Program |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Electronic Mail |
| _____ | by Federal Express |
| _____ | by Hand Delivery |

| | |
|---|---|
| Mark Borghese, Esq.<br>**BORGHESE LEGAL, LTD.**<br>10161 Park Run Drive, Suite 150<br>Las Vegas, NV 89145<br>Tel:   (702) 382-4804<br>Fax:   (702) 382-4805<br>Email: mark@borgheselegal.com<br><br>*Counsel for Plaintiff*<br>*2-Way Computing, Inc.* | Reza Mirzaie<br>Marc A. Fenster<br>Adam S. Hoffman<br>Jay Chung<br>Shani M. Tutt<br>Brian D. Ledahl<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>Tel:   (310) 826-7474<br>Fax:   (310) 826-6991<br>Email: rmirzaie@raklaw.com<br>Email: mfenster@raklaw.com<br>Email: ahoffman@raklaw.com<br>Email: jchung@raklaw.com<br>Email: stutt@raklaw.com<br>Email bledahl@raklaw.com<br><br>*Counsel for Plaintiff*<br>*2-Way Computing, Inc.* |

DATED: August 18, 2015          *s/Christopher Schenck*
                                Christopher Schenck (*Pro Hac Vice*)

**SNELL & WILMER LLP**
Greg Brower (Nevada Bar No. 5232)
Kelly Dove (Nevada Bar No. 10569)
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169
Tel:  (702) 784-5200
Fax:  (702) 784-5252
Email:    gbrower@swlaw.com
          kdove@swlaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
Steven D. Moore (*Pro Hac Vice*)
Kristopher L. Reed (*Pro Hac Vice*)
Christopher Schenck (*Pro Hac Vice*)
Laura Mullendore (*Pro Hac Vice*)
Sara B. Giardina (*Pro Hac Vice*)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Tel:  (415) 576-0200
Fax:  (415) 576-0300
Email:    smoore@kilpatricktownsend.com
          kreed@kilpatricktownsend.com
          cschenck@kilpatricktownsend.com
          lmullendore@kilpatricktownsend.com
          sgiardina@kilpatricktownsend.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 2-WAY COMPUTING, Inc. a Nevada corporation, <br><br>        Plaintiff, <br><br>    v. <br><br>SPRINT SOLUTIONS, INC., a Delaware corporation; NEXTEL FINANCE COMPANY, a Delaware corporation; SPRINT UNITED MANAGEMENT COMPANY, a Kansas corporation; NEXTEL OF CALIFORNIA, INC., a Delaware corporation; NEXTEL BOOST OF CALIFORNIA, LLC, a Delaware limited liability company, and NEXTEL COMMUNICATIONS, INC., a Delaware corporation, <br><br>        Defendants. <br> AND RELATED COUNTERCLAIM | Case No. 2:11-cv-00012-JCM-PAL <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL** |

The Court, having reviewed Defendants' Unopposed Motion for Leave to File Under Seal and good cause appearing, hereby ORDERS that the following documents can be filed under seal:

1. The unredacted version of Defendants' Reply in Support of their Motion *In Limine* 3; and

2. Exhibits A, and D-F to the Reply Declaration of Christopher Schenck in Support of Defendants' Motions *In Limine* Nos. 3&6.

DATED this 20th day of August, 2015

_____
THE HONORABLE PEGGY A. LEEN

1